Mercer v. James.

JAMES B. MERCER, PLAINTIFF-IN ERROR, v. ROBERT JAMES, DEFENDANT IN ERROR.

1. **Justice of the Peace:** JURISDICTION OF. A justice of the peace, with the assent of the plaintiff, may render judgment on the personal confession of a defendant made orally in open court.

2. ———: PLAINTIFF'S ASSENT PRESUMED. In such case the plaintiff's assent, although not affirmatively shown by the transcript, will be presumed from the fact that he procured a satisfaction of the judgment by an execution, levy, and sale of the defendant's property.

3. ———: JUDGMENT MAY BE VOID AS TO ONE DEFENDANT, BUT GOOD AS TO ANOTHER. W, the maker of a promissory note, signed also by B as surety, appeared and confessed his indebtedness thereon, and requested judgment to be entered. Thereupon the justice rendered judgment against both principal and surety. *Held,* that the judgment, although void as to B, was valid as to W.

4. **Replevin:** VERDICT IN. In replevin the gist of the action is the alleged unlawful detention of the property at the commencement of the suit, and the verdict should, technically, be so framed as to speak unequivocally on this point. But notwithstanding the verdict is in the present tense, and finds that the defendant "*does* not unlawfully detain," and that "the right of

property and the right of possession thereof *is* in the defendant," if there be nothing in the record showing a possible prejudice to the plaintiff by reason of the defect, the verdict will not be disturbed.

5. **Error Without Prejudice.** An error resulting in no prejudice to the party complaining, is not sufficient to reverse a judgment.

ERROR from the district court of York county. It was an action of replevin for a pair of mules, in which the defendant's title was derived by purchase at a sale under execution issued upon two judgments in two actions tried before a justice of the peace, in which one Lock was plaintiff, and Wood and Button were defendants. Upon the trial below, before GASLIN, J., sitting in the district court for York county, and a jury, the court charged the jury as follows:

" *Third.* The defendant claims in his answer that the property at the time of the taking thereof, was his, having acquired title to the same by virtue of a sheriff's sale. The judgments upon which the executions issued in the cases under which the property was sold you are not to take into consideration, as I charge you that the judgments and executions under which the sale took place, as far as the purchaser in this collateral proceeding is concerned, are legal and binding on the parties herein."

The jury returned a verdict in favor of the defendant, upon which, after the overruling of a motion for a new trial, judgment was rendered. Plaintiff excepted and brought the cause here by petition in error.

*McKillip & Page* (with whom was *Geo. B. France*), for plaintiff in error.

The verdict is insufficient to support the judgment, because the jury did not find " that defendant did not unlawfully detain the property *at the commencement of*

*the action.*" And the jury did not find " the right of property or right of possession to be in the defendant *at the time of the commencement of the action.*" Gen. Stat., 574, 693. *Crouch v. Martin,* 3 Blkf., 256. *Wolf v. Meyer,* 12 Ohio State, 432. *Rogers v. Chandler,* 3 Munf., 65. *United States v. White,* 5 Cranch Circuit Court, 38.

Judgment of an inferior court may be *collaterally* impeached by a stranger to the record in case all the facts necessary to give jurisdiction are not spread upon the record, or proved to exist. Bigelow Estoppel, 129. *Rowley v. Howard,* 23 Cal., 402. *Clark v. Bryan,* 16 Md., 171. *Simons v. Debare,* 4 Bosw., 547. *Steen v. Steen,* 25 Miss., 513. *Gray v. McNeal,* 12 Ga., 424. *Crawford v. Howard,* 30 Me., 422. *Harris v. Willis,* 15 Com. B., 709.

The judgments under which defendant in error claims title to the property in controversy are void for the following reasons:

1. Being judgments of an inferior court, sufficient facts are not in the record to give jurisdiction, *and they will not be presumed.* *Reeves v. Clark,* 5 Ark., 27. *Jolley v. Foltz,* 34 Cal., 321. *Straughan v. Inge,* 5 Ind., 157. *State v. Hartwell,* 35 Me., 129. *Lane v. Crosby,* 42 Me., 327. *State v. Hall,* 49 Me., 412. *Bridge v. Ford,* 4 Mass., 641.

2. Said judgments affirmatively show a want of jurisdiction in this, viz: Justices of the peace can only exercise jurisdiction in the mode and within the limits prescribed by statute, and there is no statute authorizing judgment by " confession " before a justice of the peace, except as provided in section 1004 Gen. Stat., 685, where, after suit is regularly brought, an offer is made in " writing " and *accepted* by the plaintiff, judgment may be rendered on such " written offer and acceptance." Compare sections 908, 971, and 1004 Gen.

Stat., pages 666, 680, and 685. *McCleary v. McLain,* 2 O. S., 368.

3. Neither can these judgments be sustained under the provisions of sections 433—437 of the civil code because:

*First.* Said sections only authorize judgments by confession in courts of record.

*Second.* Said judgments do not show that they were rendered with the " *assent of the creditor.*"

*Third.* Nor do said judgments contain a " statement of the cause of action."

*Fourth.* Said judgments cannot be upheld as " an appearance and *agreement* of the parties without summons," under section 908 code of civil procedure, relative to justices of the peace, because said section only provides for a " waiver of summons " and nothing more. The action otherwise proceeds as an action in which summons has been issued, served, and returned, and hence it requires the " agreement " of plaintiff as to the amount of the judgment by his filing a bill of particulars, etc. Gen. Stat., 680.

By said judgment it does not appear that the parties " agreed " to commence action without summons.

*William T. Scott,* for defendant in error.

LAKE, CH. J.

This was an action in replevin to recover possession of a span of mules, and there are really but two questions presented for our consideration.

The first question relates to the admission of certain testimony bearing upon the question of ownership, wherein, if the court did not err, it will follow that the instruction complained of, although not of the most harmonious phraseology, yet, as probably understood and acted upon by the jury, was substantially right.

It appears that after the plaintiff had introduced his testimony tending to prove ownership in himself, the defendant, to establish his own title, produced the transcripts of two judgments and executions, under which the property had been seized and sold to his grantor before the plaintiff's pretended interest was acquired. If this were a valid sale, as to the defendant in execution, then there is no question that the defendant here was the rightful owner and entitled to a verdict in his favor.

These transcripts show that the notes on which the judgments were rendered by the justice were signed by Samuel F. Woods as principal and by D. C. Button as his surety. It does not appear that any summons was issued in either of the cases, but Woods, the principal, appeared voluntarily in open court and acknowledged his indebtedness to the plaintiff, J. Lock, in the amounts appearing to be due upon the notes respectively; whereupon judgments were rendered against Woods as principal and Button as surety, for the amounts so confessed and costs.

It is urged in behalf of the plaintiff in error that these judgments were absolutely void, and consequently that the sales under them conveyed no title whatever to the purchaser. As to the surety, who was neither served nor made voluntary appearance, this is doubtless true, but we cannot accede to the proposition that they were likewise void as to the principal, who had personally appeared, confessed his indebtedness, and, as the transcripts also show, actually requested judgments to be rendered for the amounts so confessed.

It is true, as claimed, that justices of the peace can only exercise jurisdiction within the limits and in the mode prescribed by statute. This proposition is elementary, and no authorities were necessary in its support. But even under this rule we think it clear that in these cases the only error committed by the justice was in

rendering judgment against the surety.  As to the principal, every step taken was fully authorized by the statute, as will be seen by reference to the following sections of the code of civil procedure.

"Sec. 908.  Actions before justices of the peace are commenced by summons, or by the appearance and agreement of the parties without summons.  In the former the action is deemed commenced upon delivery of the writ to the constable to be served; and he shall note thereon the time of receiving the same.  In the latter case the action shall be deemed commenced at the time of docketing the case."

By force of this provision, when the plaintiff in those actions and Woods appeared before the justice of the peace and had the cases docketed, they were duly commenced, and the justice was thereupon as fully authorized to proceed with them to final judgment as if the defendant had been brought in by the regular service of a summons.

It was contended in argument, however, that it did not affirmatively appear that the plaintiff was actually present at the time and agreeing that the cases should so proceed.  But we think that his assent is abundantly proven by the fact that executions were afterwards sued out, property levied on, and the judgments satisfied by its sale.  Besides, if the absence of an express affirmative showing upon this point were fatal to the validity of the judgments, the objection could not be taken in this collateral proceeding, but would be available only to the plaintiff in those suits.

Again, section nine hundred and seventy-one of the code provides that: "Where parties agree to enter without process before a justice any action of which such justice has cognizance, such justice shall enter the same on his docket, and proceed to trial, judgment, and execution, in all respects in the same manner as if sum-

mons had been issued, served, and returned." All of the steps required by this section, so far at least as was necessary, were taken. As to the formality of trials, that was rendered wholly unnecessary by reason of the personal acknowledgment of the maker of the notes of his liability thereon as claimed.

The second question relates to the form of the verdict, it being objected that the finding as to the detention and right of property is in the present tense, referring to the time of trial instead of the commencement of the action. Under the circumstances of the case we regard this objection as merely technical. It is true that in replevin the relation of the respective parties to the goods, at the commencement of the action, is the primary inquiry for the jury, the gist of the controversy being the alleged unlawful detention by the defendant. Technically, the verdict ought to be so framed as to speak unequivocally on this point. Here the language is, " that the defendant, Robert James, *does* not unlawfully detain," and that " the right of property and the right of possession thereof *is* in the defendant."

There is nothing in the record, however, nor was it so much as claimed that the rights of the parties respecting the property were not precisely the same on the day of trial as at the commencement of the action. It is quite possible that a case might arise wherein such a verdict would not answer. Here, however, the case turned on the single question of ownership, and this again on the validity of the two judgments under which the defendant purchased the property at the execution sale. Therefore, holding as we do that the judgments, as to the defendant, who appeared, and whose property was taken to satisfy them, were valid, no harm can possibly result to the plaintiff in consequence of the alleged error, which must have been occasioned by mere oversight, and not from any disregard of his rights. An er-

ror without prejudice to the party who complains of it is no ground for the reversal of a judgment.

For these reasons the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.