HIRAM FORBES ET AL. V. E. N. BRINGE.

[FILED SEPTEMBER 15, 1891.]

1. **Summons**: SERVICE BY DEPUTY: APPOINTMENT. Section 125, article 1, chapter 18, Compiled Statutes, confers authority upon a sheriff to depute a person to serve a summons, which appointment must be indorsed upon the process, and signed by the sheriff.

2. ——: ——: THE FAILURE TO DATE the indorsement will not invalidate the service.

3. ——: ——: Return. When a special deputy serves a summons the returns must be made under his oath.

Error to the district court for Thurston county. Tried below before Powers, J.

*Abbott & Curry*, for plaintiffs in error, cited: *Jones Lumber Co. v. Boggs*, 19 N. W. Rep. [Ia.], 678; *Gilbert v. Brown*, 9 Neb., 94; *B. & M. R. Co. v. Dick*, 7 Id., 245; *Harris v. Hardeman*, 14 How: [U. S.], 333; McNamara, Nullities, 20; *Myers v. Le Poidevin*, 9 Neb., 536; Wade, Notice, sec. 1365.

*J. H. Ruberson, contra*, filed no brief.

Norval, J.

On the 6th day of February, 1890, the defendant in error filed his bill of particulars in the county court of Thurston county against the plaintiffs in error, in the sum of $37.77, for goods sold and delivered. On the same day summons was issued, directed to the sheriff or any constable of the county, made returnable on February 12, and placed in the hands of the sheriff for service. The sheriff appointed T. L. Sloan a special deputy to serve the summons, by indorsing on the writ the following:

"I hereby appoint T. L. Sloan a special deputy to serve the within writ.

"(Signed)                    John T. Lenton,
                                    "*Sheriff.*"

Upon the summons appears the following return:

"State of Nebraska, } ss.
  Thurston County. }

"Received this summons the 6th day of February, A. D. 1890. I hereby certify that on the 8th day of February, A. D. 1890, I served the within writ of summons on the within named Eugene Waldvogle, by giving a true and

certified copy of the same with all the indorsements thereon.

"Hiram Forbes, not found.

"John T. Lenton,

"*Sheriff.*

"T. L. Sloan,

"*Special Deputy.*

"FEES.

Service and return.........................................$0 50

Copy.......................................................... 25

Mileage...................................................... 1 70

Total .................................................$2 45

"Sworn to before me, this 12th day of February, 1890.

"[SEAL.]                         J. G. Downs,

"*Co. Judge.*

On the return day the defendant Waldvogle filed a motion in the county court to dismiss the action for the reason that there had been no services of summons made upon him and that there had been no return of the same as required by law.   The motion was overruled, and after hearing the testimony the county court rendered a judgment for the plaintiff in the action against both defendants for the full amount claimed.   The case was taken by the defendants to the district court on error, assigning as grounds for reversal the overruling of the motion to dismiss, and the rendering of judgment against them, where the judgment of the county court was affirmed.

Objection is made in this court to the sufficiency of the appointment of Sloan as special deputy to serve the summons, in that the appointment was not dated.   Authority is conferred upon a sheriff, by section 125, article 1, chapter 18, Compiled Statutes, to depute a person to serve any summons.   It requires that the appointment shall be indorsed upon the process, prescribes the form of the appointment, and "which shall be dated and signed by the

sheriff." The provision of the section in regard to dating the appointment is not mandatory, but is merely directory, and the omission to date the indorsement is not fatal.

In *Co-operative Stove Co. v. Grimes*, 9 Neb., 123, cited in brief of counsel for plaintiffs in error, the question now before us was not involved, considered, nor passed upon. All that was held in the cited case was that the provision of the statute is mandatory which requires that in actions for the recovery of money only, the amount for which judgment will be taken if the defendant fails to appear shall be indorsed on the summons. Undoubtedly such a provision is mandatory, and no judgment can be rendered, in a case where there has been no appearance of the defendant, in excess of the amount indorsed, for sections 64 and 910 of the Code expressly provide that "if the defendant fail to appear, judgment shall not be rendered for a larger amount and costs."

Had the sheriff dated his appointment of Sloan it would have been of no advantage to the plaintiffs in error, nor were they in the least prejudiced by his failure so to do. The objection being purely technical and without merit, is overruled.

The objection that the copy of the summons served on the defendant, Waldvogle, was not certified to as being a true copy must be overruled for the reason that the return shows the contrary to be true, and the return is not contradicted by any other part of the record.

It is claimed that there has been no return of the summons as required by the statute, hence the county court had no jurisdiction to render judgment. Section 126 of article 1, chapter 18, Compiled Statutes, relating to the return of a summons served by a special deputy, provides that "such special deputy shall make return of the time and manner of serving of such writ, under his oath, and for making a false return he shall be guilty of perjury, and punished accordingly." The return on the summons in this case

shows that a certified copy of the writ with all the indorsements thereon was given to the defendant Eugene Waldvogle. The return is sworn to by the person who made the service. It is clear that there has been a substantial compliance with the provision of the statute above quoted, and that the county court acquired jurisdiction over Waldvogle.

The district court did not err in affirming the judgment as to him. The return on the summons shows no service upon Forbes, and not having appeared in the county court, that court had no jurisdiction to render judgment against him.

The judgment of the district court is affirmed as to Waldvogle, and as to Forbes the judgment of the district court, as well as that of the county court, is reversed, and the cause is remanded to the district court for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.