SARAH A. LATTA v. CONRAD VISEL ET AL.

FILED SEPTEMBER 20, 1893. No. 5112.

Insufficiency of Evidence to Support Verdict in Action on Bond: REVIEW. There is no question of law involved in this case, and as the verdict of the jury is wholly unsupported by the evidence, the judgment rendered thereon is reversed.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*Adams & Scott,* for plaintiff in error.

*Harwood, Ames & Kelly* and *W. L. Cundiff, contra.*

RAGAN, C.

Sarah A. Latta sued Conrad Visel, as principal, Joseph C. McBride, J. O. Carter, and Karl Schmitt, as sureties, on a bond alleged to have been executed by them. The substance of the petition filed in the district court is that on the 8th day of September, 1888, the plaintiff was engaged in the building of the "Latta Block," in Lincoln, Nebraska, and on said date she entered into a written contract with Visel in and by which he agreed to furnish all labor necessary for the cutting of stone for the front of said building and delivering the same at said building; and that to secure the faithful performance of said contract, Visel, as principal, and the other defendants, as sureties, entered into a bond conditioned that Visel should faithfully perform the contract, one clause of which was that he would protect the said Latta and her property from mechanics' liens for labor performed in the cutting and delivering of said stone; that Visel had violated said contract and plaintiff had been compelled to pay and had paid for labor and materials furnished for the front of said building the sum of $535.47. The second cause of action in the petition was that Visel had neglected and failed to complete the work by October 1, 1888, as provided in the contract, and that by reason thereof the plaintiff had lost six months' rent of said building.

The defendants, sureties on the bond, filed an answer consisting of a general denial.

Visel filed an answer admitting the execution of the contract and denied all the other averments in the petition. He also alleged that his failure to complete the building by October 1, 1888, was not his fault, but was owing to the failure of the plaintiff to furnish him stone to be cut; and that the stone furnished him was of a different quality from that provided in the contract, and required more time and labor for its cutting than that provided by the con-

tract. Another defense set up by him was that the causes of action in plaintiff's petition had already been adjudicated in another suit between him and the plaintiff. He filed also a counter-claim for extra work which he had been compelled to perform in the cutting of said stone, in the amount of $713.66. Another counter-claim was that by reason of the failure of the plaintiff to furnish him stone as she should have done under the contract, he was unable to work himself, or to keep his men at work, and lost seventy-five days of time; that he had in his employ from ten to sixteen skilled workmen, especially employed for this work, and that he was damaged by the loss of time in the sum of $500. Another cause of action in his counter-claim was that he had been damaged $1,500 by reason of the plaintiff furnishing him a different kind of stone for cutting than that provided in the contract.

To this answer the plaintiff filed a reply, in which she denied all the allegations of new matter in the answer, and pleaded that the counter-claim of Visel for extra work had been adjudicated in a former suit between the parties.

The jury found a verdict in favor of the sureties on the bond, and also a verdict in favor of Visel and against the plaintiff for $464.50. They made special findings, which will be noticed hereafter.

A motion for a new trial was overruled and a judgment rendered for Visel against the plaintiff on the general verdict, and plaintiff brings the case here on error, alleging, in substance, that the verdict of the jury and the judgment of the court are contrary to the law and the evidence of the case.

We will first dispose of the case so far as the sureties are concerned. The question of the execution of the bond was squarely in issue, and the overwhelming testimony is, that while the bond was actually executed and delivered, it was to secure Visel's faithful performance of another contract entered into between him and the plaintiff and not

the one in suit, and by some means was detached from the other contract and attached to this one. The finding of the jury, therefore, in favor of the sureties on this bond was right; but for some reason no judgment was rendered in favor of the sureties on this finding.

We will now dispose of the plea set up by Visel in his answer, that the causes of action set out in plaintiff's petition had already been adjudicated in a former suit between the parties. It appears from the record that in December, 1888, and early in the year 1889, Visel filed mechanics' liens against the property of plaintiff. One of these liens is in the record, and was for extra labor in cutting "rubble stone instead of dimension stone" as provided in the contract, and was filed for $713.66. The record does not disclose the other lien. However, there is enough in the record to show that it was filed for money claimed by Visel to be due him from Latta for labor performed in and about the front of this building under the contract of September 8. Latta filed a bill in equity in the district court of Lancaster county against Visel, setting out the making of this contract of September 8; setting out that she had fully paid Visel the full consideration of said contract, and that she had overpaid him, and that notwithstanding this he had filed against her property the liens above mentioned, claiming there were due him from her large sums of money under this contract. She alleged in this bill that there was nothing due him; that she had, in fact, overpaid him; that the liens were clouds upon her title and asked to have them canceled. Visel answered this bill in equity, resisting the cancelation of the liens and alleging substantially the same thing that he has alleged in his answer here, except that there was no counter-claim in that answer for loss of time. The court, after a hearing in that case, found "against the defendant on the causes of action set forth in his answer and cross-bill, and that said answer and cross-bill should be dismissed; found that the mechanics' liens

were clouds on the title of the plaintiff, and rendered a de-
cree dismissing the cross-bill of Visel and canceling the
liens." It will be observed that the object of that suit, so
far as the plaintiff was concerned, was to cancel the liens
as clouds on her title. The question as to whether or not
she had been damaged by Visel's failure to protect the
building from liens, and the question as to whether she had
been damaged by reason of his failure to complete the
building in time, were not in issue. The evidence does
not support the plea of former adjudication set up by Visel
in his answer against the causes of action of the plaintiff in
this case.

We now turn our attention to the plea of former adjudi-
cation set up by plaintiff in her reply to the answer and
cross-petition of Visel. In the suit filed by Latta to can-
cel mechanics' liens, Visel defended his liens on the ground
that he had not been paid for the work done, and that there
was due him from Latta $713.66 for extra work—that is,
in cutting of rubble stone instead of dimension stone as
provided by the contract; that on the 21st day of No-
vember, 1888, he made an oral contract with the plaintiff
by which he agreed to perform certain work on the same
block, and in consideration of such agreement plaintiff prom-
ised and agreed to pay him what his services were worth;
that he performed the work and his services were worth
$2,513.66. These are the same defenses that are interposed
here now, and the evidence in the record conclusively sup-
ports the plea in plaintiff's reply of a former adjudication
for the claim of Visel for the extra labor performed by
him on this building. This left, then, in this record un-
adjudicated the following issues:

  1. Whether the plaintiff was compelled to and did pay
out money, over and above the contract price of $1,800, to
protect her property from mechanics' liens.

  2. Whether by reason of the delay of Visel in not com-
pleting the building by October 1, 1888, she was damaged
by loss of rents.

On the part of the defendant Visel there is left but one question; so far as affirmative relief on his part is concerned, viz.: Whether, by reason of the plaintiff neglecting to furnish him stone to be cut according to the contract, he was damaged by loss of time. The jury found a general verdict in favor of Visel and against the plaintiff for $464.50. This, as will be seen hereafter, was predicated solely on the time lost by Visel by reason of the alleged delay of Latta in furnishing him stone for cutting. This verdict is unsupported by the evidence. The only evidence in the record on the subject is the statement by Visel that he lost from fifty-two to sixty days of time, and that this time was worth $5 per day.

The court required the jury to answer certain questions, as follows:

"1. How much was overpaid, above the contract price, by the plaintiff Latta to the defendant Visel, or to protect the said Latta from liens under the contract of September 8?

"A. $404.68; interest, $70.82; total, $475.50.

"2. What was the value of the labor performed by the defendant Visel outside of the labor not included in the contract, if any such labor was performed, upon the stone in question, under the contract of September 8?

"A. Amount, including interest, $940.

"3. What was the amount of damage, if any, sustained by the plaintiff Latta, by the failure of the defendant Visel, if any such failure be found, to complete his contract within the time required?

"A. Not anything.

"4. What was the amount of damage, if any, sustained by the defendant Visel by reason of the failure of the plaintiff, if any such failure be found, to furnish him with stone for cutting purposes as required by said contract?

"A. Amount, including interest at seven per cent, $464.50."

As to the first special finding, it was abundantly supported by the evidence.

As to the second special finding, the subject-matter out of which it grew had already been adjudicated between the parties, and Visel could claim nothing from that in this suit.

As to the third special finding, there was evidence from which the jury might have found as they did, and as there was some evidence to support it, this court will not disturb it, although, had the question been tried to us, we might have reached a different conclusion.

As to the fourth special finding of the jury, it will be observed that it is based on the contention of Visel that he lost time by reason of Latta's delay in furnishing him stone, and, as stated above, the evidence does not support this finding. The most that can be said for it is that he lost sixty days at five dollars per day, or three hundred dollars, which, with interest, would be much less than this.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other commissioners concur.