## M. E. HERBERT V. HENRY WORTENDYKE ET AL.

FILED SEPTEMBER 16, 1896.   No. 6759.

1. **Action Against Officer:** FORUM OF JURISDICTION.  Section 54 of the
   Code, providing that an action against a public officer, for an act
   done by him under color of his office, must be brought in the county
   where the cause, or some part thereof, arose, applies to actions
   against such persons begun after their terms of office have ceased
   and they have removed to another county.

2. **Objections to Jurisdiction:** ANSWER.  Objections to the jurisdiction
   which do not arise upon the summons, the indorsement, or service
   thereof, or upon the face of the petition, may be raised by answer
   in connection with matter in bar.  *Hurlburt v. Palmer,* 39 Neb., 158,
   followed.

3. ———: ———: AUTHORITY FOR APPEARANCE.  The filing of a paper
   authorizing certain attorneys to appear for defendant and defend
   the action, after the filing of an answer pleading want of jurisdic-
   tion, does not waive such plea.

4. **Trover and Conversion:** NON-APPEARANCE: DEFAULT: REVIEW.  A
   verdict for defendants in an action of trover is contrary to law
   when such defendants have not appeared· and their default has
   been entered.

Error from the district court of Lancaster county. Tried below before Strode, J.

*John H. Ames* and *E. F. Pettis,* for plaintiff in error.

*J. C. Johnston, contra.*

Irvine, C.

The plaintiff in error was plaintiff in the court below and the only attack he makes upon the judgment there in favor of the defendants is that it is contrary to the law and the evidence. The action was brought against Wortendyke, Spelts, Layne, and Irvine to recover damages for the conversion of certain chattels. Only Wortendyke and Spelts answered. By their answer they allege that on a certain day said chattels being then in the lawful possession of Layne, in Seward county, they were stolen by some person unknown; that Wortendyke was a justice of the peace for C precinct, Seward county, and that Spelts was a constable for said precinct. They then allege the making and filing before Wortendyke of a complaint under oath and the issuing by Wortendyke of a search warrant in pursuance thereof; that said warrant was delivered to Spelts, who took the chattels thereunder, and that afterwards upon the order of Wortendyke he delivered said chattels to Layne; that neither of the said defendants took such chattels except while acting in his official capacity by virtue and under color of his office in Seward county, and that none of the acts complained of in plaintiff's petition was done and performed in Lancaster county, and that the district court of Lancaster county has no jurisdiction of the case. In addition to these averments defendants justify their acts under the record pleaded, and generally deny the averments of the petition. The proof shows that the acts of Wortendyke and Spelts in the premises were, as pleaded by them, done under color of their offices, if not by virtue

thereof. Section 54 of the Code of Civil Procedure provides: "Actions for the following causes must be brought in the county where the cause or some part thereof arose: * * * An action against a public officer for an act done by him in virtue or under color of his office, or for a neglect of his official duty," etc. This case would seem clearly to fall within the statute quoted, and the whole transaction having occurred in Seward county the action should have been brought there.

It is contended, however, that the proof shows that prior to the commencement of the action both Wortendyke and Spelts had removed to Lancaster county; that the object of the statute is to protect public officers from actions brought elsewhere than where their official acts are performed; and that where the action is brought after they have ceased to be officers, it is not within the reason of the statute and may be maintained in the county of their residence. This doctrine receives some color from the case of *Hopkins v. Haywood*, 13 Wend. [N. Y.], 265, which is cited by the plaintiff in error. In that case an action was brought against a constable for not returning an execution. It was claimed that this was an action for a penalty or forfeiture within the meaning of a statute requiring such actions to be brought "in the county of which he was an officer." The court first doubted whether this was an action for a penalty or forfeiture, and then quite clearly demonstrated that it was not. Another statute required actions against public officers for acts done by them by virtue of their offices to be brought in the county where the fact complained of happened; but the court held that this statute applied only to affirmative acts and not omissions, and was therefore not applicable to the case. The court then proceeded to argue that under the New York law, if suit could not be brought in the county of the officer's residence, he could not be sued at all, as he could not be reached by summons. This difficulty is not presented in this state, because by section 65 of our Code, where the action is

rightly brought in any county, a summons may be issued to any other county. The New York court seems to have based its conclusion largely upon the ground urged by the plaintiff in error, that when officers change their residence and move into another county the reason of the statute "ceases to a great extent." But by reason of section 65 of our Code affording a remedy which could not be had in New York, the reason of the New York court for holding the statute inapplicable here ceases altogether.

It is further contended that the defendants waived their objection to the jurisdiction by pleading generally to the merits. It was held in *Kane v. Union P. R. Co.*, 5 Neb., 105, that the voluntary appearance and pleading to the merits by one sued for acts done under color of his office waives objections to the jurisdiction of the court. We may assume that that case correctly holds that section 54 of the Code relates to jurisdiction of the person and not to jurisdiction of the subject-matter, and that such an action is transitory in its character notwithstanding the section referred to; but so far as the case holds that pleading to the merits waives the question of jurisdiction, it has been overruled by *Hurlburt v. Palmer*, 39 Neb., 158. In that case the whole subject was very carefully considered and the elaborate discussion of authorities by Commissioner RYAN renders any further consideration here unnecessary. *Hurlburt v. Palmer* was followed and reaffirmed in *Anheuser-Busch Brewing Association v. Peterson*, 41 Neb., 897. It is established by these cases, in accordance with the plain language of sections 94 and 96 of the Code of Civil Procedure, that where a want of jurisdiction does not appear on the face of the record it may be pleaded by answer in connection with pleas in bar. Here the petition was one in trover, and the facts disclosing the want of jurisdiction did not appear on the face of the record. About seven months after the answer was filed there was filed the following: "We hereby authorize Bush and Comstock to appear for us in the above entitled action as our attorneys and to take

charge of, manage, and defend the same in our behalf." This was signed by Wortendyke and Spelts. It is contended that this waived the question of jurisdiction. It was not strictly an appearance but a power of attorney to make an appearance. But aside from that, if want of jurisdiction of the person may be averred by answer in connection with pleas at bar, it follows that one has the right at the same time to defend to the merits and to the jurisdiction, and we cannot see that this paper was any more a general appearance than appearing at the trial and defending to the merits. For the foregoing reasons we think the district court of Lancaster county was shown by the evidence to be without jurisdiction so far as Wortendyke and Spelts were concerned. The verdict and judgment were therefore sustained by the evidence in this respect, and comment on the merits of the case would be useless and perhaps prejudicial.

The verdict and judgment were generally for all the defendants. As to Layne and Irvine, it was contrary to law. They made no appearance and their default had been entered. No issues were therefore presented entitling them to a judgment. The plaintiff was on their default entitled to an assessment of damages and judgment against them. As to Layne and Irvine, the action was purely one in trover and not within the provisions of section 54, and the court therefore had jurisdiction in their case. The judgment as to Wortendyke and Spelts is affirmed, and as to Layne and Irvine it is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.