Bates-Smith Investment Co. v. Scott.

---

BATES-SMITH INVESTMENT COMPANY V. OSCAR A. SCOTT.

FILED NOVEMBER 3, 1898.    No. 8352.

1. **Review:** PARTIES: JOINT JUDGMENT. All parties to a joint judgment must be joined in error proceedings therefrom, and a nonjoinder is a fatal defect in the proceedings; but if the objection is delayed until the final submission of the cause on its merits, the defect is waived.

2. ———: ———: ———: JURISDICTION. Where a judgment in terms is inclusive of and against two parties, in an action in which a several judgment might have been proper, and of one party so embraced by the judgment the court had no jurisdiction, such judgment may be affirmed as to the one defendant of whom there was jurisdiction.

3. **Cross-Examination:** REVIEW. Exclusion of testimony as improper during cross-examination, examined and adjudged not erroneous.

4. **Instructions:** REPETITIONS. It is not error to refuse an instruction, the subject-matter of which is fully covered by one given.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*Wright & Thomas*, for plaintiff in error.

*Ed P. Smith* and *Smith & Sheean, contra.*

HARRISON, C. J.

This action was commenced by defendant in error before a justice of the peace of Douglas county to recover of the plaintiff in error and Charles E. Bates the sum of $50, asserted to be his due from them by reason of services by him rendered to them under and by virtue of a contract. In the justice's court the defendant in error was accorded a judgment against the company as follows:

"It is therefore considered by me that the said plaintiff recover from the defendant Bates-Smith Investment Company the sum of ($30) thirty dollars and costs of this suit herein expended, taxed at $3.60."

It will be noticed that there is no reference in the foregoing judgment to Charles E. Bates, his rights, or the disposition of the action to the extent it was against him. An appeal for the company was perfected to the district court, where, in the petition filed and the instructions of the court to the jury during the trial, the action was conducted and treated as against the investment company and Bates. There was no answer for Bates and no appearance by or for him. The verdict was as follows:

"OSCAR A. SCOTT, Plaintiff,
                v.
THE BATES-SMITH INVESTMENT
    COMPANY, Defendant.

"We, the jury duly impaneled and sworn to try the issues joined between the said parties, do find for the said plaintiff, and assess his damages at the sum of $52.64 (fifty-two and 64-100 dollars)."

The judgment was against the company and Charles E. Bates and each of them. The company presents the case in this court for review.

It is argued for defendant in error that inasmuch as the judgment was against both Charles E. Bates and the investment company, and Charles E. Bates has not been made a party to the error proceedings, there is a defect of parties which calls for a dismissal of the petition in error. It is true that it is the rule that in order to secure a review of a joint judgment in error proceedings to this court, all persons interested must be made parties. (*Polk v. Covell*, 43 Neb. 884; *Andres v. Kridler*, 42 Neb. 784; *Consaul v. Sheldon*, 35 Neb. 247; *Curtin v. Atkinson*, 36 Neb. 110.) But it has also been held that such defect is waived if the objection is not made before the submission of the cause on its merits. In the case at bar no motion has been made for the dismissal of the proceedings on the ground of defect of parties. The first mention of it appears in the brief for defendant in error on the merits, and is too late to be of any avail. The defect of parties, if any, must be treated as waived.

It is contended for the plaintiff in error that as there was no judgment in justice court against Charles E. Bates, the appeal of the cause to the district court, which was for the investment company, did not remove the action to the appellate court to the extent it was against Bates and involved his rights and liabilities. The court, at the inception of the action, seems to have considered the claim a separable one, and in accordance with this view rendered judgment against the investment company alone. It is true the justice ignored the other party to the suit in its adjudication, but to this there was no objection on the part of any person. The appeal for the company was perfected, and there is no tenable course of reasoning from which it can be concluded that Charles E. Bates was a party to the action during its pendency and trial in the district court. The district court had no jurisdiction of him, and the judgment, to the extent it was against him, was a nullity. But he is not here complaining. The error proceedings are for the company which had appealed the action and submitted itself to the jurisdiction of the court.

It is contended for the company that a judgment is an entirety, and if against two or more, and either erroneous or void as to one party, and for such reason subject to be vacated or reversed, the action must be in regard to it as an entirety; that it cannot be good as to one and bad as to another or others, and will not be so held. (1 Black, Judgments sec. 211, and cases cited in notes 146, 147; 11 Ency. Pl. & Pr. 858, note 1.) The doctrine of entirety of judgment is one of the common law and has been pushed to the extreme; but by many courts the rule has been announced that such a judgment may be voidable or void as against one defendant, but binding on another or others in a collateral attack. (1 Black, Judgments sec. 211, note 148; 11 Ency. Pl. & Pr. 859, note 2.) The weight of authority seems to favor the doctrine that in appeal or error proceedings such judgment must be as an entirety affirmed or reversed as to all parties, and cannot be severed. (1 Black, Judgments sec. 211, note 151; Ency. Pl. & Pr. 859, note 4.) In this state it has been said: "If a suit be brought against three parties jointly and severally liable, two of whom only are served, it is not error to enter judgment against those served and omit therefrom the other." The action was upon a note. There was service of summons on two, and no service on the other. Judgment was rendered against the two, and nothing stated therein relative to the one who was not served. It was also said in the opinion of this court, to which it was presented by petition in error: "The judgment was rightly entered against the defendants served. It was not error not to make it in form against the defendant who was not served. Judgment affirmed." (*Bennett v. Townsend*, 1 Neb. 460.) The matter is the subject of statutory provision in this state, as follows: "Judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants. It may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to

which it may be entitled. In an action against several defendants, the court may in its discretion render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper." (Code of Civil Procedure, sec. 429.) That a judgment against two defendants, of one of whom the court was without jurisdiction, is void as to the latter, but of force against the other where its validity is questioned in another action, see *Mercer v. James*, 6 Neb. 406, and *Council Bluffs Savings Bank v. Griswold*, 50 Neb. 753; and that this court will, in an action similar to the one at bar, wherein there are two defendants, one served with process and the other not, and judgment against them by the trial court, in error proceedings to this court, reverse the judgment as to the one not served and affirm as to the other, see *Forbes v. Bringe*, 32 Neb. 757. To the same effect are *Kleiber v. People's R. Co.*, 17 S. W. Rep. [Mo.] 946; *Gray v. Stuart*, 33 Gratt. [Va.] 351; *Ricketson v. Richardson*, 26 Cal. 149; *Belkin v. Hill*, 53 Mo. 492; *Wood v. Olney*, 7 Nev. 109; *Saffold v. Navarro*, 15 Tex. 76; *Neenan v. City of St. Joseph*, 28 S. W. Rep. [Mo.] 963; *Latta v. Visel*, 37 Neb. 612; *Herbert v. Wortendyke*, 49 Neb. 182. It will doubtless be remembered that the party as to whom the judgment was void is not a complainant here. That it was rendered against such defendant cannot injure or prejudice the other defendant, who is alone in the prosecution of error, and it may be affirmed as to him. (*Neenan v. City of St. Joseph, supra; State v. Tate*, 109 Mo. 269, 18 S. W. Rep. 1088, and cases cited and reviewed; *Bensieck v. Cook*, 110 Mo. 183, 19 S. W. Rep. 642; 1 Black, Judgments sec. 211.)

It is of the assignments of error that the court excluded certain testimony sought to be elicited from a witness,—one J. S. Bryant—during his cross-examination. The objection interposed was that it was improper cross-examination. The objection was well taken; hence it was not error to sustain it and exclude the testimony at that time.

It is further argued that the trial court committed
error in the refusal to give to the jury an instruction
tendered and requested for the plaintiff in error.    It
suffices to say that the relevant and material subject-
matter of this instruction was covered by one given by
the court on its motion, and it was not error to refuse to
repeat it.

Charles E. Bates has not complained of his inclusion in
terms in the judgment, and no action need be taken as to
him or his rights.    It follows from what has been said
herein that the judgment as to plaintiff in error will be

AFFIRMED.