[No. 6160. Decided July 19, 1906.]

GEORGE M. SHREEDER et al., Appellants, v. WESLEY DAVIS et al., Respondents.[1]

APPEAL—DECISION—AFFECT UPON PARTIES NOT APPEALING. Under Bal. Code, § 6504, providing that any party not appealing shall derive no benefit from the appeal except from the necessities of the case, codefendants in an action of tort who did not appeal from a joint judgment against all, can derive no benefit from a reversal of the judgment on the appeal of another defendant, upon which a new trial was ordered as to such defendant, for error of law affecting all the defendants on the trial below.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered October 18, 1905, in favor of the defendants, after a hearing on the merits, denying an application for an injunction to restrain the issuance of execution on a judgment. Affirmed.

*Frank S. Carroll* and *Hudson & Holt,* for appellants. A judgment against two or more persons for the same sum of money is a unit and an entirety. *Claflin v. Dunee,* 129 Ill.

[1] Reported in 86 Pac. 198.

241, 21 N. E. 834, 16 Am. St. 263; *Bradford v. Taylor,* 64 Tex. 169; *Seymour v. Richardson Fueling Co.,* 205 Ill. 77, 68 N. E. 716; *Hutchinson v. Sine,* 105 Ill. App. 638; *Powers v. Irish,* 23 Mich. 429; *Huckabee v. Nelson,* 54 Ala. 12. And it cannot be affirmed as to one and reversed as to others unless the reversal takes place because of errors affecting one but not affecting the other party. *Altman v. Hofeller,* 152 N. Y. 498, 46 N. E. 961; *Enos v. Capps,* 12 Ill. 255; *Rees v. Chicago,* 38 Ill. 322; *Streeter v. Marshall Silver Min. Co.,* 4 Colo. 535; *Matteson v. Nathanson,* 38 Mich. 377; *Bullion Min. Co. v. Croesus etc. Min. Co.,* 3 Nev. 336; *Robinson v. Schmidt,* 48 Tex. 13; *Jones v. Raine,* 4 Rand. (Va.) 386; *Alabama etc. R. Co. v. McAlpine & Co.,* 80 Ala. 73; *Little Rock etc. R. Co. v. Perry,* 37 Ark. 164; *Langley v. Grill,* 1 Colo. 71; *Gaylord v. Payne,* 4 Conn. 190; *Bond v. Wasbash etc. R. Co.,* 67 Iowa 712, 25 N. W. 892; 2 Cent. Dig. § 4562; 3 Cyc. 448; *Gargan v. School District,* 4 Colo. 53. Bal. Code § 6521, has not changed the common law rule on this subject. *Farrell v. Calkins,* 10 Barb. 348; *Altman v. Hofeller, supra.* Where the party in a tort case takes joint judgment instead of a joint and several judgment, the same rule applies which has application to other joint judgments. *Holz v. Rediske,* 116 Wis. 353, 92 N. W. 1105; *Young v. Wise,* 7 Wis. 111; *Chicago Union Traction Co. v. Stanford,* 104 Ill. App. 99; *Mohr v. McKenzie,* 60 Ill. App. 575; *Powers v. Irish,* 23 Mich. 429; *Tillett v. Lynchburg etc. R. Co.,* 115 N. C. 662, 20 S. E. 480. Where the judgment operates to the prejudice of all and the error complained of affects all, a reversal as to one operates as a reversal to all. *Alling v. Wenzell,* 133 Ill. 264, 24 N. E. 551; *Wood v. Cullen,* 13 Minn. 394; *Bradford v. Taylor, supra; McRea v. McWilliams,* 58 Tex. 328; *Worthington v. Miller,* 7 Ky. Law 439; *Dickson v. Burke,* 28 Tex. 117; *Chicago etc. R. Co. v. Stanford, supra.* Where a joint judgment is an entirety, and one of the parties appeals but the other does not, a reversal of the judgment as to the one appealing will

operate as a reversal to all. *Bradford v. Bennett,* 48 Ill.
App. 145; *Mohr v. McKenzie, Wood v. Cullen,* and *Tillett
v. Lynchburg etc. R. Co., supra; Dickenson v. Davis.* 2 Leigh
401; *Willie v. Thomas,* 22 Tex. 175; 3 Cyc. 411; *National
Board of Marine Underwriters v. National Bank,* 146 N. Y.
64, 40 N. E. 500. The amount of the judgment being the
same as to each, and based on the act of a joint agent, each
of the defendants would be entitled to contribution from the
other, making reversal as to one a reversal as to all from the
necessities of the case. *Bailey v. Bussing,* 28 Conn. 455;
*Horbach's Admr's v. Elder,* 18 Pa. St. 33; *Acheson v. Miller,*
2 Ohio St. 203; *Smith v. Foran,* 43 Conn. 244, 21 Am. Rep.
647; *Ankeny v. Moffett,* 37 Minn. 109, 33 N. W. 320;
*Minnis v. Johnson,* 62 Ky. 171; *Paddock-Hawley Iron Co.
v. Rice,* 179 Mo. 480, 78 S. W. 634; *Hoggan v. Cahoon,* 26
Utah 444, 73 Pac. 512, 99 Am. St. 837; *Ayers v. Nixon*
(Neb.), 97 N. W. 621; 9 Cyc. 804, 805, 806, and cases cited;
7 Am. & Eng. Ency. Law (2d ed.), p. 365; 11 Cent. Dig.
2196, § 9.

*A. E. Joab, John C. Stallcup,* and *J. W. A. Nichols,* for
respondents.

Fullerton, J.—In 1903 Wesley Davis and Lenora
Davis, as plaintiffs, brought an action against George M.
Shreeder and Mace C. Green and the Tacoma Railway &
Power Company, as defendants, to recover damages for a
tort alleged to have been committed against the person of
Lenora Davis by one Cromwell, an employee of the defend-
ants, acting in the line of his duty as such. They recovered a
joint judgment against both Shreeder and Green and the
Railway Company, and both gave notice of appeal there-
from. Shreeder and Green did not perfect their appeal, nor
did they join in the appeal of the Railway Company, and
their attempted appeal was dismissed on the motion of the
defendants made at the time the cause was called for hear-
ing in this court. The appeal of the Railway Company was
heard on its merits, and the judgment as to it was reversed

and remanded for a new trial on grounds that would have required a reversal as to Shreeder and Green, had they been before the court. *Davis v. Tacoma R. & Power Co.,* 35 Wash. 203, 77 Pac. 209.

After the remittitur had gone down, and without taking any further proceedings against the Railway Company, the judgment creditors directed the clerk to issue an execution on the judgment against the defendants Shreeder and Green. These defendants thereupon brought an action to restrain the issuance of an execution against them, and to cancel the judgment. A temporary restraining order was issued on the filing of the complaint, and a day fixed and notice given for hearing an application for a temporary injunction. On the hearing of the application, the court entered an order quashing the preliminary restraining order, and refusing to grant a temporary injunction. From this order the present appeal is taken.

But one question is presented by the record; namely, did the reversal of the judgment as to the Tacoma Railway & Power Company necessarily operate as a reversal of the judgment as to the defendants Shreeder and Green. We are of the opinion that it did not. By section 6521 of the code (Ballinger's) it is provided that upon an appeal the supreme court may affirm, reverse, or modify any judgment or order appealed from, as to any or all of the parties; and by section 6504 (Id.), that any party not appealing, or joining in the appeal of his codefendant shall not derive any benefit from the appeal except from the necessities of the case. These sections of the statute we think are controlling. Their plain and obvious purpose was to obviate the rule, prevailing in some jurisdictions, which requires a judgment to be treated as an entirety, and vacated, modified, or reversed as a whole and as to all of the parties thereto, regardless of the fact that the application to so vacate, modify, or reverse may be made by only a part of the whole number of parties adversely affected by it. The effect of the statute is to make

every judgment, capable of being reversed, a several judgment for the purposes of an appeal. It was forseen that in certain cases a judgment must be in such a form that its reversal on the application of one party will, of necessity, inure to the benefit of all the parties adversely affected by it, and to prevent the confusion that might arise from an unqualified prohibition, these were excepted from the operation of the rule. But other than this, the prohibition of the statute is absolute. No one shall derive a benefit from an appeal in which he does not join, unless from the necessities of the case. In the case before us there is no necessity that requires that the present appellants shall have the benefit of the appeal taken by the Railway Company in the original case. For the tort for which the recovery was had they could have been sued without joining the Railway Company. In the action as prosecuted, a several judgment could have been entered against them, and the action dismissed as to the Railway Company. Their liability, therefore, in no way depended upon the liability of the Railway Company, and the reversal of the judgment as to that company cannot legally, of necessity, inure to their benefit, however much the facts may persuade us morally in their favor.

Undoubtedly the common law rule, as construed by a majority of the courts, is to the effect that a judgment against two or more defendants, even for a tort, is an entirety, and must be reversed as to all of the parties if reversed as against one. But the courts of the states whose statutes contain provisions similar to our own generally hold that the rule it modified by the statute. In *Van Slyck v. Snell,* 6 Lansing (N. Y.) 299, a joint judgment was recovered in a justice's court against two defendants for trespassing animals. On appeal by one of the defendants to the county court the judgment was reversed as to both defendants. This was held error on an appeal to the supreme court, that court saying:

"The Code, Sec. 366, is very explicit upon this point, and seems to leave no room for doubt or hesitation. 'In giving

judgment, the court may affirm or reverse the judgment of the court below, in whole or in part, and as to any or all the parties, and for errors of law or fact.' It is difficult if not impossible to see how any question could ever have arisen under this clear and unqualified provision of the Code, in respect to the right and power of the court, on appeal, to reverse a judgment as to one defendant and affirm it as to the other, especially in an action of tort, where a cause of action had been made out against one, and not against the other. In such a case the plaintiff is entitled to a several judgment against the one, but not against the other. The error is in the joint judgment. But the party against whom a good cause for judgment has been established has no just reason to complain. It is the innocent party alone who has been injured, in contemplation of the law, and this injury may be redressed by a reversal of the judgment as to him in the appellate court, leaving it to stand as to the other. This course would be altogether in furtherance of justice, and ought to be followed, if the power is clear, for the reason that it saves the trouble and expense of a new trial and puts an end to further litigation. This court may render the judgment which the county court should have rendered."

In *Nichols v. Dunphy,* 58 Cal. 605, the plaintiff recovered a judgment against two defendants for a tort in the sum of five thousand dollars. One of the defendants appealed and the judgment was reversed as to him. Afterwards, the plaintiff caused an execution to issue on the judgment against the other defendant, which execution the superior court recalled and ordered quashed. On an appeal this order was reversed. In the opinion it was said:

"We think the court erred in quashing the execution against Carmen. The judgment against her was unaffected by the appeal of her codefendant, and the subsequent proceedings thereon. Carmen could also have appealed from the judgment if she had desired to do so. Had she done so, and the facts had established that the damage was caused by her negligence, and that her codefendant did not in any wise participate in the wrong, this court undoubtedly could, and would, have affirmed the judgment as to her, and reversed it as to William Dunphy. (Code Civ. Proc., Secs. 414, 578;

*Wood v. Orford,* 56 Cal. 157; *McIntosh v. Ensign,* 28 N. Y. 169; Freeman on Judgments, 3d ed. Sec. 236, and authorities there cited.) The case, as it stands, leaves Carmen in no better position. She was content to rest with the judgment against her. As to her, there was a valid judgment, in plaintiff's favor, unappealed from and undisturbed."

And in *Bates-Smith Inv. Co. v. Scott,* 56 Neb. 475, 76 N. W. 1063, it was held that the rule of the common law requiring a judgment to be reversed as to all of the judgment debtors if reversed as to one of them did not obtain in that state by reason of the statute permitting judgments to be given for or against one or more of several plaintiffs, or for or against one or more of several defendants. Speaking of the question, the court said:

"It is contended for the company that a judgment is an entirety, and if against two or more, and either erroneous or void as to one party, and for such reason subject to be vacated or reversed, the action must be in regard to it as an entirety; that it cannot be good as to one and bad as to another or others, and will not be so held. (1 Black, Judgments, Sec. 211, and cases cited in notes 146, 147; 11 Ency. Pl. & Prac., 858, note 1.) The doctrine of entirety of judgment is one of the common law and has been pushed to the extreme; but by many courts the rule has been announced that such a judgment may be voidable or void as against one defendant, but binding on another or others in a collateral attack. (1 Black, Judgments, Sec. 211, note 148; 11 Ency. Pl. & Prac., 859, note 2.) The weight of authority seems to favor the doctrine that in appeal or error proceedings such judgment must be as an entirety affirmed or reversed as to all parties and cannot be severed. (1 Black, Judgments, Sec. 211, note 151; Ency. Pl. & Pr., 859, note 4.) In this state it has been said: 'If a suit be brought against three parties jointly and severally liable, two of whom only are served, it is not error to enter judgment against those served and omit therefrom the other.' The action was upon a note. There was service of summons on two, and no service on the other. Judgment was rendered against the two, and nothing stated therein relative to the one who was not served. It was also said in the opinion of this court, to which it was pre-

sented by petition in error: 'The judgment was rightly
entered against the defendants served. It was not error not
to make it in form against the defendant who was not served.
Judgment affirmed.' (*Bennett v. Townsend*, 1 Neb. 460.)
The matter is the subject of statutory provision in this state,
as follows: 'Judgment may be given for or against one or
more of several plaintiffs and for or against one or more of
several defendants. It may determine the ultimate rights of
the parties on either side, as between themselves, and it may
grant to the defendant any affirmative relief to which it may
be entitled. In an action against several defendants, the court
may in its discretion render judgment against one or more
of them, leaving the action to proceed against the others,
whenever a several judgment may be proper.' (Code of Civil
Procedure, Sec. 429.)  That a judgment against two defend-
ants, of one of whom the court was without jurisdiction, is
void as to the latter, but of force against the other where its va-
lidity is questioned in another action, see *Mercer v. James,*
6 Neb. 406, and *Council Bluffs Savings Bank v. Griswold,*
50 Neb. 753; and that this court will, in an action similar
to the one at bar, wherein there are two defendants, one
served with process and the other not, and judgment against
them by the trial court, in error proceedings to this court,
reverse the judgment as to the one not served and affirm as
to the other, see *Forbes v. Bringe,* 32 Neb. 757.  To the same
effect are *Kleiber v. People's R. Co.,* 17 S. W. Rep. [Mo.]
946; *Gray v. Stuart,* 33 Gratt. [Va.] 351; *Ricketson v. Rich-
ardson,* 26 Cal. 149; *Belkin v. Hill,* 53 Mo. 492; *Wood
v. Olney,* 7 Nev. 109; *Saffold v. Navarro,* 15 Tex. 76; *Neenan
v. City of St. Joseph,* 28 S. W. Rep. [Mo.] 963; *Latta v.
Visel,* 37 Neb. 612; *Herbert v. Wortendyke,* 49 Neb. 182.
It will doubtless be remembered that the party as to whom
the judgment was void is not a complainant here.  That it
was rendered against such defendant cannot injure or preju-
dice the other defendant, who is alone in the prosecution of
error, and it may be affirmed as to him. (*Neenan v. City of
St. Joseph, supra; State v. Tate,* 109 Mo. 269, 18 S. W. Rep.
1088, and cases cited and reviewed; *Bensieck v. Cook,* 110
Mo. 183, 19 S. W. Rep. 642; 1 Black, Judgments, Sec.
211.)"

See, also, *Dawson v. Schloss,* 93 Cal. 194, 29 Pac. 31.

But while the question seems never to have been discussed

by this court, the uniform practice of the court since its organization has been to treat judgments against two or more persons for the purposes of an appeal as a several judgment rather than as an entirety. It has uniformly, whenever the justice of the case required it, reversed the judgment as to one judgment debtor and affirmed it as to another, regardless of the question whether the judgment, on its face, purported to be a joint, or a joint and several, judgment. Thus in *Tacoma Lumber & Mfg. Co. v. Wolff*, 5 Wash. 264, 31 Pac. 753, 32 Pac. 462, where a materialman, who had furnished material for the construction of a building, had obtained a judgment against the contractors, to whom he had sold materials, together with the owner of the property on which the building was constructed for the materials so sold, the court, on the appeal of the owner of the property, first directed that the judgment be reversed as to all of the judgment debtors. On petition for rehearing, however, it modified its former order, and directed the judgment dismissed as to the party who had appealed only, letting it stand as against the contractors. In *Nuhn v. Miller*, 5 Wash. 405, 31 Pac. 1031, 34 Pac. 152, 34 Am. St. 868, an action to quiet title, the court first directed an affirmance of the judgment against both of the defendants, but on rehearing reversed and dismissed it as to one, letting it stand as to the other. In *Hannegan v. Roth*, 12 Wash. 65 (opinion on rehearing, page 695), 40 Pac. 636, 44 Pac. 256, the court ordered affirmed a judgment quieting title in favor of several plaintiffs claiming as tenants in common. On rehearing, after further argument, it was determined that certain of the plaintiffs were not entitled to recover. The appellants there strenuously argued that the judgment should be reversed as to all the plaintiffs because they had sued jointly, but the court ruled otherwise, holding that the case should be reversed only as to those plaintiffs who were not entitled to recover. Other cases where similar rulings were made are the following: *Stetson & Post Mill Co. v. McDonald*, 5 Wash. 496, 32 Pac. 108.; *Whittier v.*

*Stetson & Post Mill Co.,* 6 Wash. 190, 33 Pac. 393, 36 Am. St. 149; *Kennah v. Huston,* 15 Wash. 275, 46 Pac. 236; *Gleason v. Hawkins,* 32 Wash. 464, 73 Pac. 533; *Anderson v. Hilker,* 38 Wash. 632, 80 Pac. 848; *Bancroft v. Godwin,* 41 Wash. 253, 81 Pac. 189.

These cases cited are dissimilar in their facts to the case at bar, but they sustain the general principle that judgments under our statute are not regarded as entireties, but are subject to such division and apportionment as to be reversed on appeal for errors as to one defendant, while standing good as to another.

The judgment appealed from must be affirmed, and it is so ordered.

MOUNT, C. J., RUDKIN, DUNBAR, CROW, and HADLEY, JJ., concur.