Wood v. Olney.

---

JOHN WOOD, et al., APPELLANTS, v. CHARLES E. OLNEY, et als., RESPONDENTS.

JOINT JUDGMENT—AFFIRMANCE IN PART AND REVERSAL IN PART.    Where a joint demurrer to a complaint was sustained and judgment entered for defendants dismissing the action; and on appeal it appeared that the demurrer was not well taken as to one of the defendants: *Held*, that as to such defendant the judgment should be reversed, and affirmed as to the others.

JOINT DEMURRER—SEPARATE ORDERS THEREON.   A joint demurrer may be sustained as to one defendant, and overruled as to another.

JUDGMENT FOR SEVERAL NOT ALWAYS AN ENTIRETY.   The rule that a joint judgment has to be reversed in toto, if not good as an entirety, does not apply under our statutes and system of practice.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action commenced by John Wood and Edward B. Kenyon, partners doing business in California under the firm name of Wood & Kenyon, against Charles E. Olney, The Washoe Gold and Silver Mining Company, Imperial Silver Mining Company, B. W. Pyle and a great number of other defendants, on two certain promissory notes, one for $4,000 and the other for $3,000, signed by various of the members of the firm of Olney & Co., and intended, as was alleged, to bind the said firm as a company.   The second note was also signed " Olney & Co."   The complaint, which was lengthy, set out among other things that the Washoe Gold and Silver Mining Company was a corporation organized under the laws of the State of California, and that it was a partner in the firm of Olney & Co., and that the Imperial Silver Mining Company was also a corporation organized under the laws of the State of California, and that it was a consolidated company formed to embrace and embracing all the affairs and business of Olney & Co., the Washoe Gold and Silver Mining Company and others, and all their mines and mining interests.   It also asked for an injunction to restrain transfer of stock of the Imperial Company, and for other relief. The defendants, the Washoe Gold and Silver Mining Company, Abner H. Barker, D. A. Jennings, W. H. Gauley, Nathaniel Page, Wm. Carman, A. B. Paul, W. B. Bourne, W. H. Howland, Nathaniel Gray, J. H. Atkinson, W. A. Wade, G. H. Gray and Samuel Merritt, joined in one demurrer, and the Imperial Silver Mining Company put in a separate one.   None of the above named parties had signed either of the notes, and none of them except the Washoe Company were alleged to be partners in the firm of Olney & Co. The demurrers being sustained, and the plaintiff failing to amend, there was a judgment in favor of all the defendants so demurring, dismissing the action as to them, from which judgment this appeal was taken.

*W. E. F. Deal* and *R. S. Mesick*, for Appellants.

I. That the complaint states a cause of action against the Washoe Gold and Silver Mining Company, we think is plain. *Catskill Bank* v. *Gray*, 14 Burt, 471.

II. The joint demurrer of all the defendants except the Imperial Company was too broad; and the order sustaining it, and the judgment thereon, were erroneous. *People* v. *The Mayor of N. Y.*, 28 Barb. 251; *Woodbury* v. *Sackrider*, 2 Abb. Pr. R. 402; *Webster* v. *Tibbetts*, 19 Wis. 438.

III. The Imperial Company demurred separately, yet its demurrer was acted upon and sustained jointly with that of the other defendants, and one judgment was entered in favor of all, against plaintiffs. Such being the case, the judgment must be set aside as to all the other defendants. Being a joint judgment for all the defendants, it seems to us impossible that it can stand as a separate judgment in favor of one.

IV. The Imperial Company, both at the hearing and on demurrer, and in the order and judgment following, assumed a joint position with the other defendants, and should be considered as having thereby waived any advantage of a separate standing.

V. The first note was made by the parties who signed for themselves, and on behalf and on the responsibility of all the partners of Olney & Co., with full authority from the partners to do so and bind them as such partners, and also to bind the firm of Olney & Co. The second note was signed by Olney & Co. The money borrowed was used in the business of the firm. The presumption is, that it was the note of the firm.

VI. The Imperial Silver Mining Company succeeded to all the business and property of Olney & Co., and carried on the same business that had been previously carried on by Olney & Co. There was no change except in name. In equity, the Imperial S. M. Co. is primarily liable to pay the debts contracted by Olney & Co. *Paxton* v. *Bacon M. & M. Co.*, 2 Nev. 260; Angell & Ames on Corporations, Sections 169 and 592.

*Thomas Sunderland* and *L. Aldrich*, for Respondents.

I. There can be no recovery on the first note against any of the defendants, for the reason that none of them are parties to it. Chitty on Contracts, Chap. 2, p. 56–8; *Ripley* v. *Kingsbury*, 1 Day, 150; *Jacquez* v. *Marquard*, 6 Cowen, 697.

The second note must also be disposed of under the same rule, except, perhaps, the Washoe Gold and Silver Mining Company—it being alleged that this corporation was a member of the firm of Olney & Co., whose name appears as one of the makers of this note; and except as to the Imperial Silver Mining Company, if it can be held liable on the ground that it succeeded to the rights and interests of the Washoe Gold and Silver Mining Company. The mere averment that there was an intention by the parties to the notes, at the time they were made, to bind persons other than those whose names appear to the notes, is entitled to no consideration.

II. Again, it is alleged that the Washoe Gold and Silver Mining Company is a California corporation; but there is no averment that the law of California at that time, nor at the times the notes were made, held stockholders liable for any portion of the indebtedness of the corporation. In order to hold the stockholders, it was necessary to have averred that the law of California created such liability—otherwise, the law of California would be presumed to be the same as that of Nevada, which recognized no such liability. 1 Greenleaf on Ev. 664–6; 1 Seld. N. Y. 447; 15 Cal. 226; 32 Cal. 55; 21 Cal. 225.

III. As to defendants who are not parties to the notes, except so far as the two corporations are concerned, (they being regarded as foreign corporations, and always absent from this state) the alleged causes of action are barred by the statute of limitation.

IV. The Imperial Silver Mining Company is not responsible, unless by reason of its succession to the rights and property of the Washoe Gold and Silver Mining Company. The terms, character, conditions and considerations which led to the formation of the Imperial Company are not stated, nor does it appear who its stockholders were. The complaint should show conclusively that the change was merely a change in name. The law governing this question has been clearly

laid  down  by  this  court.     *Paxton  et  al.* v.  *The  Bacon  Mill  and Mining  Company,* 2 Nev.  257.

V.  We have  treated the alleged  partnership of  Olney & Co. as valid, so  far  as  the  Washoe  Gold  and  Silver Mining  Company is concerned,  because there is nothing in the complaint to disclose the character  of  its  occupation  or  its  powers.     For  the  purposes  of this discussion, we admit the general doctrine that there  is no prohibition in law to the formation of  such partnerships, where the object is to effect the purpose of the incorporation.

VI.  The  proposition  of  plaintiffs,  that  the  joint  demurrer,  if there was a  cause of  action as to any of the defendants so joined, should have been overruled, cannot be  sustained.    It would  be in direct conflict with our Practice Act, Sec. 148, which provides that judgment may be given for  or against one  or  more of  several plaintiffs, and for  or against one  or  more of several defendants ;  and  it may,  when  the  justice  of  the  case  requires it, determine the ultimate right of  the  parties  at each side, as between themselves.    As to the  authorities that have been cited in support of the proposition, we may remark that there was great diversity of opinion in the  outset  as  to  the  proper construction of  the New York code  of  procedure,  and  great  want  of  uniformity  in  the decisions upon it.    The new system encountered the prejudices (if we may properly use that language) of the judges in New York, accustomed to the old system of  practice.    By reason of  the  existence of  this opposition or dislike to the code, the  old  rules  of  law were reluctantly given up, and  in some  instances not at all, unless expressly abolished.

*Mitchell & Stone* and  *G. H. Gray,* also for Respondents.

By the Court, GARBER, J.

We think the complaint shows a  cause of  action against the Washoe Gold  and  Silver Mining  Company, but none against any of the other respondents.    It is contended, that it also shows a cause of action against the Imperial Company ;  but the case of *Paxton* v.  *Bacon  Co.,* 2 Nev., decides the point adversely to appellants.

Decisions are cited to show that as all the respondents, except the Imperial Company, demurred jointly, the demurrer was too broad, and should therefore have been overruled as to all. The case in 20 Barb., cited in 19 Wis., would seem to be an authority that, even if, for the reason here urged, the demurrer was improperly sustained as to any of the parties, we should only reverse the judgment as to that respondent against whom the complaint shows a cause of action. But we do not go upon that, for we think this demurrer should have been sustained as to all those joining in it, except the Washoe Company. The cases cited by the appellants are evidently founded upon the analogy supposed to be afforded by the rule that: " If there be several distinct assignments of breaches, some of which are sufficient and the others not, or if a declaration contain several counts and one only be bad, on demurrer to the whole declaration, the court will give judgment for the plaintiff." 1 Chitty Pl..165. But this was not the common law rule; and it seems it is not the law in England now. At common law, on such a demurrer—that is, one too large as to the matter demurred to—the judgment was, that the plaintiff should recover upon such counts as were good, or such breaches as were well assigned, and should be barred as to the residue. Afterwards, the practice, as stated by Chitty, was borrowed from the courts of equity, and obtained until the simpler and more sensible common law practice, of giving judgment on the whole record according to the truth, was restored. *Duppa* v. *Mayo*, 1 Saunders, 285 (*b*), 286, note (9); *Pinckney* v. *Inhabitants*, 2 Ib. 379, 380, note (14); Comyns Dig. Pleader, C. (32), Q. (3); *Hinde* v. *Gray*, 1 Manning & Gr. 195, note (*a*); *Slade* v. *Hawley*, 13 M. & W. 756. However, the rule that a demurrer too large as to the matter demurred to should be overruled *in toto*, has been generally if not universally followed in the United States; and it is not necessary, in this case, to deny that in adopting the common law as a rule of decision, we adopted, as part of it, an innovation so sanctioned by time and authority.

But, even granting this, it does not follow that the same rule should be applied to a demurrer, good as to one and bad as to others joining in it. It is said by Chief Justice Spencer, speaking of a joint

plea of the general issue, to which the remark is no more apposite than to a joint demurrer, that " the rule is a very artificial one and ought never to be extended beyond the very cases to which it has been applied," (*Higby* v. *Williams*, 16 Johns. 216) and the courts of equity, while recognizing the rule that as to the matter demurred to a demurrer cannot be good in part and bad in part, have uniformly refused to extend it to a demurrer like this—the settled equity doctrine being that a joint demurrer may be sustained as to one defendant and overruled as to another.     *Mayor, etc.* v. *Levy*, 8 Vesey, 403 ; *Wooden* v. *Morris*, 2 Green's Chy. (N. J.) 65 ; *Barstow* v. *Smith*, Walker's Chy. Rep. 397.     On this principle alone, the cases cited by the appellants and the somewhat earlier ones upon which they rest, should have been, in our opinion, differently decided.     We infer from the remarks of Lord Eldon, in *Mayor* v. *Levy*, that prior to our revolution the rule invoked was never extended, either at law or in equity, to the case of a joint demurrer too large as inapplicable to some of the parties joining ; and so far as we are advised, all the American cases in which it has been so extended are bottomed solely on the authority of very recent New York cases, none of which were decided in or have been approved by the courts of last resort in that state.

We see no reason why we should follow this new departure, and we are not inclined to extend so arbitrary and technical a rule further than we are compelled to do by the authority of decisions binding upon us.     We are satisfied that, under our statute, the position that the judgment, being joint, must be reversed *in toto*, if not good as an entirety, is untenable.     The case of *Ricketson* v. *Richardson*, 26 Cal. 149, is in point, and with the views there expressed we fully agree.

The judgment should be reversed as to the Washoe Gold and Silver Mining Company, and affirmed as to the other respondents, and the judgment of this court will be entered accordingly.

WHITMAN, J., did not sit in this case.