EDWARD ROBY

*v.*

THE TITLE GUARANTEE AND TRUST COMPANY *et al.*

*Filed at Mt. Vernon November 11, 1896—Rehearing denied May 6, 1897.*

1. RECEIVERS—*objections to competency of receiver must be made in the proceeding wherein he is appointed.* Where a decree appointing a corporation as receiver has been affirmed by the Supreme Court, the legality of the organization of such corporation cannot be collaterally attacked by the parties in a subsequent proceeding.

2. SAME—*when receiver is not disqualified by becoming a creditor of the estate.* The fact that the balance of account between a receiver and the estate under his control is in his favor does not disqualify him to act as receiver, where the indebtedness arose in the course of the receivership, and as a necessary incident to the proper performance of the receiver's duties.

3. ESTOPPEL—*when party is estopped to question legality of receiver's appointment or competency.* Where one of the parties to a proceeding appointing a receiver consents to an order providing for the advancement by the receiver of money to protect the estate placed in his control, such party is estopped to afterward question the legality of the receiver's appointment or his competency to act.

4. SAME—*one consenting to an order cannot impeach it on then existing grounds.* One consenting to an order of the court concerning the conduct of a receivership cannot impeach it on any ground existing at the time he gave his consent.

5. JUDGMENTS AND DECREES—*court may change form of liens in administration of receivership.* A decree providing that a receiver sell sufficient of the lands in his possession to satisfy existing liens does not take from the court the power to afterward authorize the receiver to borrow the money to satisfy the liens and subrogate the parties advancing the same to the rights of the former lienholders.

6. PRACTICE—*parties to suit are bound to take notice of motions made therein.* Where parties to a suit are properly in court no notice of motions made in the case need be given, except where required by some rule of court or by the provision of a decree formerly entered in the cause.

7. EVIDENCE—*rules of court must be proved by the record.* The record in which rules of court are entered is the only competent evidence to prove their existence.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

EDWARD ROBY, *pro se:*

A court of chancery has no power to revise its original decree at a subsequent term, by changing one of its directions.   *Kihlholz* v. *Wolff*, 8 Ill. App. 371; *Coughran* v. *Gutcheus*, 18 Ill. 390; *Lilly* v. *Shaw*, 59 id. 72; *Hurd* v. *Goodrich*, 59 id. 450; *Blake* v. *Miller*, 118 id. 500.

An amendment to a decree at a subsequent term, though made from a memorial paper, a judge's note or clerk's minute, without notice to the adverse party, is entirely unauthorized.   *Bryant* v. *Vix*, 83 Ill. 11; *O'Connor* v. *Mullen*, 11 id. 57; *Coughran* v. *Gutcheus*, 18 id. 390; *Wallahan* v. *People*, 40 id. 102; *O'Connor* v. *Wilson*, 57 id. 226.

A rule of court can only exist in writing of record, and when thus adopted it has the force of law.   When thus announced it is applicable to all cases without discretion, unless an exercise of discretion is reserved in the rule itself.   *Brick Co.* v. *Sobkowiak*, 148 Ill. 575.

Where a general rule requires notice to be given, an appellate court will hold the act void if done without the notice required, and will reverse it.   *Treishel* v. *McGill*, 28 Ill. App. 68.

The motions in the nature of the writ of error *coram nobis* constitute a direct proceeding to review and reverse for errors in this case that did not appear by the record. Powell on App. Proc. chap. 3, secs. 13-19; chap. 6, sec. 23; Rev. Stat. chap. 110, sec. 66; *Beaubien* v. *Hamilton*, 3 Scam. 213; *Lyon* v. *Boilvin*, 2 Gilm. 629; *Life Ass.* v. *Fassett*, 102 Ill. 315; *Mains* v. *Cosner*, 67 id. 536; *Claflin* v. *Dunne*, 129 id. 241; *Harris* v. *Hardeman*, 14 How. 334; *Peak* v. *Shasted*, 21 Ill. 137.

An amendment of so grave a character should not be made without a formal motion for that purpose, with notice to the defendant.   *Means* v. *Means*, 42 Ill. 50.

Neither of these motions was a motion contemplated in the decree, hence the notice must be given according to the general law of this court,—that is, it must be personal.   *Railroad Co.* v. *Smith*, 78 Ill. 96; *Deimel* v. *Obert*, 20 Ill. App. 557; *Ogle* v. *Coffey*, 1 Scam. 239; *Ballingal* v.

*Gear,* 3 id. 575; *Ball* v. *Shattuck,* 16 Ill. 299; *Price* v. *England,* 109 id. 394; Wade on Notice, sec. 1335.

Receivers must be held to that degree of diligence which men ordinarily use in the management of their own affairs, and if through lack of that the interests of the estate are damnified they must make good the loss. *Whitney* v. *Peddicord,* 63 Ill. 249; Kerr on Receivers, 196; Edwards on Receivers, 573, 591, 595, 596; *Hicks* v. *Hicks,* 3 Atk. 273; *In re Skerretts,* 2 Hogan, 192; 2 Story's Eq. Jur. secs. 1273, 1273a; *Rucker* v. *Redmon,* 67 Ill. 187; *Richter* v. *Schroeder,* 110 id. 112.

The receiver having neglected to sell the land to raise the money to redeem when he might have done so, was liable for the loss.    Dalton on Sheriffs, 109; Binmore on Sheriffs, secs. 91, 94; *Lindsay* v. *Armfield,* 3 Hawks, 553; *Shannon* v. *Commonwealth,* 8 S. & R. 442; *Farquhar* v. *Dalles,* 20 Tex. 200.

The receiver could not, by paying what it was bound to pay, substitute itself as creditor and obtain execution for its own benefit.    *Carpenter* v. *Stilwell,* 1 Kern. 68; *Mills* v. *Young,* 23 Wend. 313; *Sherman* v. *Boyce,* 15 Johns. 445.

The second judgment, in effect authorizing the sale of the land to pay a mortgage for money advanced long after the decree of June 12, 1890, was an entire change in the decree, and is a mere nullity.    1 Black on Judgments, sec. 154; *Bethel* v. *Bethel,* 6 Bush, 65.

A sheriff or trustee cannot occupy at the same time inconsistent positions.    Murfree on Sheriffs, sec. 1000.

The law will not entrust the power to a person to render or execute a judgment in his own favor.    *Snydacker* v. *Brosse,* 51 Ill. 360; *O'Connor* v. *Wilson,* 57 id. 233; *Hammers* v. *Dole,* 61 id. 310; *Filkins* v. *O'Sullivan,* 79 id. 524; *Lee* v. *Fox,* 89 id. 226.

JAMES E. MONROE, for the receiver:

A man who is fully aware of what is being done against his interest cannot remain passive and afterwards resist

the disadvantage his silence has caused.   *Day* v. *Caton*, 119 Mass. 515; Anderson's Law Dic. title "Consent."

If one, without actually inducing another to act in a particular way, assent to the thing done and seek to derive a benefit from it, he cannot deny the validity of the act assented to.   *Field* v. *Doyon*, 64 Wis. 560; *McConnell* v. *People*, 71 Ill. 481; Bigelow on Estoppel, (5th ed.) 687.

Roby having been present when the order was entered the court had jurisdiction over his person, and the recital in the order that he consented to its entry is conclusive upon him, as, when the jurisdiction is conceded or proven, the record imports absolute verity, and cannot be contradicted.   *Blackburn* v. *Bell*, 91 Ill. 434; *Wiley* v. *Sutherland*, 41 id. 25; *Lawver* v. *Langhans*, 85 id. 139; *Harris* v. *Lester*, 80 id. 314; *Barnett* v. *Wolf*, 70 id. 81.

The order or decree of July 18, 1890, having been entered by the consent of Roby, it cannot be reversed on appeal or error; nor can it be set aside on a bill of review, or in any other way, except upon proof of fraud in obtaining it.   *Armstrong* v. *Cooper*, 11 Ill. 540; *Knobloch* v. *Mueller*, 123 id. 554; *Haas* v. *Building Society*, 80 id. 248; *Flagler* v. *Crow*, 40 id. 414.

A court of equity has inherent power to make the expenses incurred by a receiver of private property, which are necessary for the preservation of the property in the receiver's hands, a first lien on the property.   *Hanna* v. *State Trust Co.* 70 Fed. Rep. 2; *Raht* v. *Attrill*, 106 N. Y. 435; *In re Regent's Iron Works*, L. R. 3 Ch. Div. 427.

Where it appears that a judgment has been entered upon a false return of service of process, or without any service of process, a court of chancery will not enjoin the judgment, unless it is made to appear that it is unjust or inequitable.   *Colson* v. *Leitch*, 110 Ill. 504; *Burch* v. *West*, 134 id. 258; *Atwater* v. *Bank*, 152 id. 620; *Crofts* v. *Dexter*, 8 Ala. 767; *Gregory* v. *Ford*, 14 Cal. 138.

From the time of service of process upon the defendant until the final disposition of the cause the parties are

presumed to be in court, and no notice need be given in reference to orders taken in the case.    *Yonge* v. *Brozson,* 23 Ala. 689; *Haley* v. *Williams,* 8 S. & M. 488.

.Rules of court cannot rest in parol or in the breast of the judge, but must appear of record in the court.    Rules of court are orders made by the court and entered upon its records.    *Owens* v. *Ranstead,* 22 Ill. 173; *Railroad Co.* v. *Haskins,* 115 id. 311; *Brick Co.* v. *Sobkowiak,* 148 id. 586.

The name of the company which was appointed receiver imputed that it was a corporation.    *Fitzpatrick* v. *Rutter,* 160 Ill. 286; 16 Am. & Eng. Ency. of Law, 139.

The decree appointing the receiver cannot be inquired into or attacked collaterally.    The court had jurisdiction of the parties and the subject matter, and the decree is binding, no matter how erroneous it may be.    *Richards* v. *People,* 81 Ill. 551; *Bank* v. *Burch,* 141 id. 520; *Cook* v. *Bank,* 73 Ind. 259; *Railroad Co.* v. *Railroad Co.* 46 Vt. 795; High on Receivers, sec. 203; Beach on Receivers, 198, 227, 246.

One cannot question the appointment of a receiver, or the right of a person to act as receiver, if he has, by his own conduct, recognized the receiver as legally appointed.    *Skinner* v. *Lucas,* 68 Mich. 424; *Greeley* v. *Bank,* 103 Mo. 222; *Burton* v. *Schildbach,* 45 Mich. 504.

A court of equity has power, after the term of entry, in furtherance of justice, to modify its decrees in matters not affecting the merits of the case, but merely relating to the time or mode of carrying into effect the essential provisions of its adjudications.    *Ford* v. *Wastell,* 2 Phil. Ch. 590; *Genet* v. *President,* 113 N. Y. 475; *People* v. *Insurance Co.* 79 id. 267; *Tyler* v. *Shea,* 4 N. Dak. 378; *Eyre* v. *Hanson,* 2 Beav. 478; *Thornhill* v. *Manning,* 1 Sim. Ch. 451.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county entered a decree June 12, 1890, finding and declaring the respective interests of Charles W. Colehour, William H. Colehour and plaintiff.

in error in lands in said county. The lands had been sold
for taxes and at master's sales, but the time for redemp-
tion had not expired. By that decree the defendant in
error, the Title Guarantee and Trust Company, was ap-
pointed receiver of said lands, and for the purpose of
redeeming the same was directed to proceed to properly
advertise them for sale, either at public auction or pri-
vate sale, and to sell sufficient to pay and discharge the
debts and liens as therein recited, and, if necessary so
to do in order to perfect the title, was authorized to pay
and discharge a certain judgment of about $1500 rendered
against Charles W. Colehour and others, in favor of Lo-
viza Thunman. The receiver was ordered to report the
sales it might make, to the court for approval, and to
give at least one day's notice of the application for ap-
proval to said plaintiff in error and the Colehours, by
leaving notice at the office of said plaintiff in error and
the office of the solicitors of said Colehours. A bond in
the sum of $100,000 was required from the receiver before
entering upon the discharge of its duties, and the par-
ties were each directed to convey the property to said
receiver. From that decree plaintiff in error prayed an
appeal to this court, and was allowed twenty days to
perfect the same, but did not complete the appeal. After
the expiration of that time the receiver's bond was filed,
and it entered upon its duties as receiver. Plaintiff in
error, however, sued out a writ of error from this court
to reverse the decree, but it was affirmed. (*Roby* v. *Cole-
hour*, 135 Ill. 300.) The judgment of this court was sub-
sequently affirmed by the Supreme Court of the United
States. (*Roby* v. *Colehour*, 146 U. S. 153.) Orders were
entered from time to time by the circuit court in the
subsequent administration of the receivership created by
the above mentioned decree, and the writ of error in this
case is prosecuted to reverse fifty such orders.

An objection which plaintiff in error seeks to apply
to all these orders is, that the defendant in error the

Title Guarantee and Trust Company could not be legally appointed receiver, and a lengthy argument is made on the propositions that the act under which it was organized is unconstitutional and void and its organization illegal. The appointment of the receiver was made by the original decree, which was affirmed as above stated, and it is now too late to question its validity. If it was desired to dispute the capacity of the corporation, as organized and acting, to receive the appointment and act as receiver, it should have been done before that decree became conclusive. Besides, plaintiff in error recognized the capacity of the acting corporation by consenting to an order providing for the advancement of money by it to protect the estate in its possession as receiver. The money was advanced, and he is now estopped from claiming that the receiver was not lawfully appointed or competent to act.

The above mentioned order is first to be noticed as being distinguished from the others by the consent to its entry. It was entered July 18, 1890, upon a petition of the receiver, stating that a map of the real estate had been made, that the receiver was procuring a valuation and abstracts of the property so as to properly place it upon the market; that the taxes and assessments for the year 1889 were due and unpaid; that among the liens ordered to be paid were liens for taxes upon which the lands had been sold and certificates of sale issued, upon which the purchasers would soon be entitled to deeds, and that sales could probably not be made in time to redeem the lands. The order authorized the receiver to pay the taxes and assessments for 1889, and to settle with the holders of tax certificates or redeem the land, and that it should be allowed six per cent interest on moneys so paid, the advances to be a first lien on the lands, subject to the liens provided for in the original decree, and to be paid out of the moneys received from the sale of the lands by the receiver. Plaintiff in error

objects to this order on the ground that the method of discharging the tax liens adopted was improper, as different from the plan of the original decree, and amounted to a change of such decree after the term at which it was entered, and also because under that order the receiver became the creditor of the parties and disqualified to act. The order recites that he was present and consenting, and he seeks to accomplish a reversal by disputing this recital. To this end he testified that he was present when the order was entered and did not make any objection to its being entered, but did not give any other consent than being so present and not objecting. The record cannot be contradicted in that way, but is conclusive of the fact. Having consented he cannot impeach the order on any ground. If it was an alteration of the original decree, he agreed to the alteration and cannot complain. He also consented that the receiver should advance money to protect the property in its charge and reimburse itself from sales to be made in the future, and therefore he cannot object that the receiver became a creditor by making such advances.

There were other orders entered, however, which do not recite any consent of plaintiff in error, about which practically the same questions are raised as above mentioned. These orders were entered for the purpose of redeeming the lands from the master's sales. The time of redemption from the larger portion of these sales expired December 30, 1890, and the remainder in January, 1891, and it was expected that about $190,000 would be required. The receiver, finding it impracticable to sell lots enough to redeem within the time allowed, applied to the court, by petition, for leave to issue interest-bearing receiver's certificates. The order was made but the money could not be obtained from the banks nor realized from the estate, and the property was about to be lost, when, on December 30, 1890,—the last day for redemption of most of the land,—the receiver succeeded in getting $110,000

from Hetty H. R. Green upon twenty-two certificates of $5000 each. To do this it was compelled to guarantee the payment of the certificates and obtain the guarantee of William C. Goudy, solicitor for William H. Colehour, and also to pledge its own mortgage securities for the amount. With the money so obtained redemptions were made. In January, 1891, the receiver borrowed from the Chicago Public Library $10,000 upon two receiver's certificates, and used the money, with about $26,000 of its own, to complete the redemptions contemplated by the decree. By the order these claims were made first liens on the premises, which were thereby saved to the estate. The receiver paid to Mrs. Green the amount of one certificate November 16, 1891, and on December 23, 1891, the court, on petition of the receiver, authorized it to take up the remaining certificates issued to her. They were drawing eight per cent interest. The receiver wanted possession of its mortgages pledged for their payment. By taking up the certificates the rate of interest was reduced to seven per cent, which it was provided should be allowed to the receiver on the amount advanced, which was to be a first lien on the property.

The original decree provided, as before stated, that the receiver should sell sufficient lands and lots to pay and satisfy the debts and liens. Plaintiff in error contends that the provisions of that decree must govern, and that after the expiration of the term at which it was entered there could be no change in the manner of administering the trust or executing the decree, and if the method therein provided should not be effectual the property must be lost. This claim that the court and receiver should have let the property be swept away rather than raise the money to preserve it is most unreasonable. It can only be accounted for by the fact that the hostility of plaintiff in error to other parties in interest is so strong and rancorous that he would prefer to suffer loss rather than see anything saved for them. Fortu-

nately his objection is without force, and the court was not powerless to protect the estate in its custody. The original decree was final in its determination of the rights and interests of the parties, but the power of the court to change the form of the liens in the administration of the receivership was not thereby taken away. By the order the substance of things was not altered, but the moneys were advanced, and the parties advancing them were subrogated to the rights of the former lienholders. This was only another way of accomplishing the object of the decree by changing the form from certificates of sale to certificates for money borrowed, and was not a change of any material part of the decree. The court, in making these claims first liens, did not postpone the lien of any person. The taxes were, of course, first liens, and the redemptions were from sales that were paramount to the rights of plaintiff in error. No lienholder disputes the right to make the claims first liens.

Plaintiff in error says further that there was usury in the loan made by Mrs. Green. The order authorized the receiver to pay a commission to a broker for negotiating certificates, and it is contended that the lender was interested in that provision. No commission was paid or agreed to be paid, and therefore there was no usury in the transaction, even if the contention had any foundation.

The same claim is also made under these orders as under the consent order of July, 1890, that the receiver became incompetent to act by having become a creditor of the estate. The cases cited in support of the claim of disqualification are where officers interested in the proceeds have themselves been the vendors, while in this case the receiver is not the vendor and cannot complete a sale. It has no power to sell at its own will to pay itself, but the sales are judicial, and it cannot transfer the property until they are approved by the court upon notice to the parties interested. The cases do not apply. Furthermore, the receiver did not become a creditor, in

the ordinary sense. The balance of the account as receiver was in its favor, but the parties were not its debtors nor was it a creditor outside of the receivership. The liability to it only arose in the course of the receivership, and as an incident to it in the discharge of duty. It could not be that it should forfeit its powers as a receiver properly appointed, when it was not a creditor, by advancing its own money as receiver to save the estate. If so, the zealous and faithful discharge of duty would operate to destroy its power. We do not think that is so, even if there were any absolute disqualification of an ordinary creditor to act as receiver under the control and direction of the court.

It is also objected by plaintiff in error that the various orders which he seeks to have reversed were entered without notice to him. They were mostly orders approving proposed sales reported to the court by the receiver or relating to such sales. The parties were in court and no notice was necessary except for some rule of court or direction of the decree, but all parties were bound to take notice of motions made in the case. The original decree provided for the manner in which notices of applications for such approval should be given. Plaintiff offered in evidence certain alleged rules of court on the subject of notice, and testified that they were adopted by the judges, but they were not proved by the record, which is the only competent evidence of their existence, nor was there any evidence that they were ever entered of record. But assuming that they were rules of the court duly entered, they could not affect this case, since the decree which bound the parties fixed the notice to be given. It is too late to object that the decree differed from the general rules of court.

One of the alleged rules provided that in cases where the emergency would not admit of delay, motions might be heard upon such notice as the court might determine, or without notice, if the court should so determine,—and

that rule left the whole matter of notice of such motions as these were to the discretion of the court. Plaintiff in error was contradicted on the question of notice being given by several witnesses, and there was evidence that when before the court and asked if he claimed that he had not received notices of the applications, he said in answer that he did not mean to say he had not received notice, because he believed he had received notice of the proceedings. He was claiming that the court had no jurisdiction to enter the orders, and he paid no attention to notices. He was refusing to appear and ignoring the action of the receiver and the court. In the orders themselves the court found due notice had been given, and it was fully proved to have been given according to the direction of the decree.

To the report of the master upon the receiver's petition and account the plaintiff in error filed thirty-nine objections, which were renewed as exceptions. They were all overruled, and the account, with the exception of charges for abstracts, which were reserved, was approved. It is not worth while to discuss or explain all the objections and answers thereto in detail. The objections included all the points noted above which have been thought worthy of discussion. The receiver was also charged with negligence in making sales, but the evidence does not support the charge. On the contrary, it shows a faithful discharge of duty. Plaintiff in error did not convey to the receiver as ordered, and was prosecuting writs of error from the decree at the time he now claims the receiver should have hastened the sales under the decree. He was trying to discourage and obstruct sales by every means within his power, and unfounded complaints that the receiver did not use sufficient diligence in making sales in spite of his opposition come with bad grace from him and are entitled to little notice.

Some of the orders approving sales and orders permitting settlements of claims or clouds on titles are ob-

jected to, but we see no objection to any of the sales made or to the action of the receiver or the court.

We approve of the several orders and decrees in question, and they are affirmed.          *Decree affirmed.*