Argued April 27, decided May 24; rehearing denied June 28, 1910.

## STIVERS v. BYRKETT.

·[108 Pac. 1014; 109 Pac. 386.]

JUDGMENT—COUNTERCLAIM—FAILURE TO REPLY—MISTAKES—SURPRISE— EXCUSABLE NEGLECT.

1. Plaintiffs sued defendant on a note for the price of certain cattle and sheep August 30, 1906. On October 28th following the senior member of plaintiff's firm died, and on the 29th defendant answered pleading counterclaim for breach of warranty. On October 2, 1907, judgment was rendered in defendant's favor on the pleadings for want of a reply, and on June 29, 1908, S. was appointed administrator of the deceased plaintiff with the will annexed, and moved to set aside the default judgment and for leave to reply. The surviving plaintiff knew of the counterclaim September 23, 1907, and that the trial of the case had been set for October 1st following, but took no steps to attend the trial or send his deposition, nor was there any showing made for a postponement. The surviving plaintiff made the sale, and had knowledge of all the facts with reference thereto, and advised plaintiffs' attorney that the case, so far as plaintiff was concerned, would go by default as against a counterclaim, and the surviving widow also stated to the attorneys if a settlement could not be effected the matter should be dropped. *Held*, that the administrator was not entitled to a vacation of the judgment and leave to reply, on the ground that the judgment had been taken through mistake, inadvertence, surprise, or excusable neglect, as provided by Section 103, B. & C. Comp.

ABATEMENT AND REVIVAL — DEATH OF PARTY — SUBSTITUTION OF ADMINISTRATOR.

2. When a party to an action dies before the litigation is terminated, the action does not abate if the cause survives, under Sections 379, 380, B. & C. Comp., but the deceased's personal representatives should be substituted under Section 38, providing that no action shall abate by the death of a party, and, in case of such death, the court may at any time within a year thereafter on motion allow the action to be continued for or against his personal representatives.

ABATEMENT AND REVIVAL—DEATH OF PARTY—APPEARANCE OF ADMIN-
ISTRATOR—SUBSTITUTION.

3. Where one of the parties to an action dies *pendente lite,* his administrator with the will annexed has no right to appear therein unless he has either been substituted in the action or is entitled to be substituted and has applied for substitution within the year, provided by Section 38, B. & C. Comp.

ABATEMENT AND REVIVAL — DEATH OF PARTY — SUBSTITUTION OF
ADMINISTRATOR.

4. Where one of the parties to an action dies *pendente lite,* the death may be suggested by either party, and a motion for substitution should be made by the party desiring to proceed with the action.

JUDGMENT—JOINT JUDGMENT—JURISDICTION.

5. Section 61, B. & C. Comp., provides that if summons is served on one or more of the defendants, but not all, in an action on a joint liability, judgment may be entered against all the defendants jointly liable, so far only that it may be enforced against the joint property of all and the separate property of the defendants served. *Held,* that such section authorized a several judgment as to the defendants served, where there is a joint party over whom the court has not obtained jurisdiction, and hence, where, in an action by a firm, defendant pleaded a joint counterclaim, and the senior member of the firm died before the court obtained jurisdiction over him, and there was no substitution of his personal representatives, a judgment was properly rendered on the counterclaim against both plaintiffs so far as to be enforceable against the firm's property and also a several judgment against the surviving partner.

ABATEMENT AND REVIVAL—JOINT OR JOINT AND SEVERAL DEBTORS—
DEATH OF JOINT DEBTOR—EFFECT—MOTION TO VACATE.

6. A judgment rendered against joint or joint and several debtors, where one of the debtors dies before the rendition of the judgment, is not void, but at most only irregular or erroneous.

JUDGMENT—IRREGULAR JUDGMENT—VACATION—TIME.

7. A judgment against joint or joint and several debtors after one of them had died, being irregular only and not void, the court had no jurisdiction to entertain a motion to set it aside, made after the term, except under Section 103, B. & C. Comp., authorizing the court in its discretion within a year after notice of judgment to relieve a party therefrom, where it is taken against him through mistake, surprise, inadvertence, or excusable neglect.

PLEADING—ANSWER—FILING—SERVICE.

8. Section 81, B. & C. Comp., provides that the answer to the complaint shall be filed with the clerk by the time required to answer, and Section 73 declares that the answer shall contain a statement of new matter constituting a counterclaim, and that the reply must be filed by the 1st day of the next term of court, or, if filed in term time, then within one day after the filing of the answer. *Held,* that as to plaintiff, service of the answer containing a counterclaim is not required, but he is bound to take notice of the filing thereof within the time specified.

EVIDENCE—JUDICIAL NOTICE—RULES OF COURT.

9. The Supreme Court cannot take notice of the rules of the circuit courts unless brought before it by bill of exceptions.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE EAKIN.

This is an appeal from the order of the court denying a motion to vacate a judgment and for a leave to reply. J. H. Gilde and J. H. Gilde, Jr., partners, doing business as J. H. Gilde & Son, at Sacramento, California, on August 30, 1906, commenced an action in Multnomah County, Oregon, against A. R. Byrkett, to recover upon a promissory note the sum of $1,340, with interest. Thereafter, on October 28, 1906, plaintiff J. H. Gilde, Sr., died.

Defendant, on October 29, 1906, answered the complaint by setting forth the contract constituting the consideration for the note, viz., that at Sacramento, California, plaintiffs sold to defendant, to be shipped to his farm in the State of Washington, eighteen head of cattle, at the price of $100 per head, represented by plaintiffs to be healthy, full-bred, registered Shorthorns, and forty-four sheep, represented to be full-bred, registered Shropshires, and not over two years old, for $340, certificate of such registration to be furnished by plaintiffs, showing the pedigree of each animal, and alleged that defendant paid $800 of the purchase price in cattle, which he sold to plaintiffs, and the note in question was given as the balance of the purchase price; that afterward defendant sold to plaintiffs two heifers for $150, which amount was to be credited on the note; that after the stock reached Portland, Oregon, defendant ascertained that three head of the cattle were affected with tuberculosis, and that the cattle were not pure-bred Shorthorns, and many other breaches of the contract are alleged; and that defendant thereupon rescinded said contract, and pleads as a counterclaim various items of expense and damages suffered by him in consequence of plaintiffs' breach, amounting to $3,216.59, together with the value of the cattle sold by defendant to plaintiffs, $950—total $4,166.59; that, upon plaintiffs' refusal to receive the stock, he sold it for

$2,378.95, and credited the claim for that amount. The answer was served October 29, 1906, on Edwin Mays, who was plaintiffs' attorney in bringing the action. Afterwards, on October 2, 1907, on motion of defendant, judgment was rendered in his favor upon the pleadings, for want of a reply.

On June 29, 1908, W. H. Stivers, the appointed administrator with will annexed of the estate of J. H. Glide, deceased, filed a motion, supported by affidavits, asking to have the judgment set aside, which is as follows:

"Now come W. H. Stivers, administrator with will annexed of the estate of J. H. Glide, deceased, and J. H. Glide, Jr., and based upon the annexed affidavits and the allegations contained in their proposed reply, move the court that the default judgment heretofore entered against J. H. Glide and J. H. Glide, Jr., on the 2d day of October, 1907, be set aside, and that said W. H. Stivers, as administrator as aforesaid, be made a party plaintiff herein, and that they be permitted to file a reply to the various answers filed herein, which said reply is tendered herewith."

The motion was denied and plaintiffs appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Samuel B. Huston.*

For respondent there was a brief over the names of *Messrs. Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Rufus Mallory.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. This motion was made under the provisions of Section 103, B. & C. Comp., to be relieved from a judgment taken against plaintiffs through their mistake, inadvertence, surprise, or excusable neglect. The facts set forth in the affidavit of J. H. Glide, Jr., disclose that he knew a counterclaim had been filed against plaintiffs, but that he did not know it was necessary to reply thereto; that

he received notice September 23, 1907, that the trial of
the cause had been set for October 1, 1907; that it was
impossible for him to be at Portland, Oregon, at such
time, for the reason that litigation was pending regard-
ing his father's estate.  But he states no facts from which
the court can say that it was impossible for him to attend
the trial or send his deposition.  Nor was any showing
made to the court for a postponement of the trial.  It
appears from his affidavit that he made the sales to
defendant out of which this action arose, and therefore
the knowledge of the facts, in relation to the matters
being litigated, were within his knowledge; and, as shown
by the affidavit of John F. Logan, who, with Robert Gal-
loway, was acting as attorney for plaintiffs, J. H. Glide,
Jr., advised them that the case, so far as plaintiff was con-
cerned, would go by default, as against the counterclaim
of Byrkett.  The affidavit of Lizzie H. Glide, widow of the
deceased, and executrix of his will, states that in March,
1907, she was asked by her attorneys what should be
done in the case, and she advised Robert Galloway, her
attorney, that she could not obtain any further particu-
lars regarding the matter, and advised him that, if a
settlement could not be effected, the matter be dropped.
Her affidavit contains no statement of facts from which
the court can say that it was impossible for her to attend
to the litigation.  Although she was not appointed execu-
trix of the will until October 9, 1907, yet the will contest
resulted in a decree July 30, 1907, and an administrator
of the estate could have been appointed in Oregon at any
time to appear in the action.  These conditions establish
that it was not an abuse of discretion for the lower court
to deny the motion.

2. Counsel for plaintiffs, in his brief, urges that the
judgment, so far as it relates to J. H. Glide, deceased, is
void and should be vacated, at least as to him, and the
reply filed.  When a party to an action dies before the

litigation is terminated, the action does not abate if the cause is one that survives under Sections 379 and 380, B. & C. Comp.

3. But the personal representative of deceased should be substituted under Section 38, B. & C. Comp., which provides that no action shall abate by the death of a party, and, in case of such death, the court may, at any time within one year thereafter, on motion, allow the action to be continued for or against his personal representatives. The administrator in this case, has no standing or right to appear therein unless he either has been substituted in the action or is entitled to be substituted, and this is part of the relief he seeks by this motion to vacate, but his application was not made within a year from the death of his testator, and comes too late. In *Long* v. *Thompson,* 34 Or. 359 (55 Pac. 978), it is held that the motion for substitution must be made within the year. To the same effect is *Dick* v. *Kendall,* 6 Or. 166. And in *Barker* v. *Ladd,* 3 Sawy. 44 (Fed. Cas. No. 990), it is held that this Section 38 is a statute of limitations, and if the right to move for substitution is not exercised within one year it is taken away: *Matter of Borsdorff,* 17 Abb. Pr. (N. Y.) 168, 171. Therefore the administrator has no standing to ask for substitution or to reply in the action.

4. The death may be suggested by either party, and the motion should be made by the party desiring to proceed with the action. 5 Enc. Pl. & Pr. 841.

5. Neither the motion, nor the affidavits, attacks the judgment, because it is void, nor is relief asked on that ground. If the judgment is void, as to plaintiff J. H. Glide, then it cannot be enforced against the estate of decedent; but it is not void as to J. H. Glide, Jr., although it purports to be a personal judgment against both plaintiffs, yet as to J. H. Glide, Jr., and the joint property, it is such an one as is provided for by Section 61, B. & C. Comp., viz., that if the summons is served on one or more

of the defendants, but not all, in an action upon a joint liability, judgment may be entered against all the defendants jointly liable, so far only that it may be enforced against the joint property of all and the separate property of the defendants served. Although joint liabilities are not declared by our statute to be joint and several, as in the case in Missouri (*Holton* v. *Towner,* 81 Mo. 360), it does, by that section, provide for a several judgment as to the defendants served, in case there is a joint party over whom the court has not obtained jurisdiction. That statute will apply equally to plaintiffs where the judgment is obtained against them. In this case plaintiffs, being jointly liable upon a cause of action set up in the answer, and but one of them being subject to the jurisdiction of the court, judgment against the one is proper.

There was no error in denying the motion.

AFFIRMED.

Decided June 28, 1910.

ON PETITION FOR REHEARING.

[109 Pac. 386.]

MR. JUSTICE EAKIN delivered the opinion of the court.

6. Plaintiffs move for a rehearing principally upon the ground that the judgment is void, and that in the opinion we state that it is not attacked on that ground. We treated the motion as an application to open a default under Section 103, B. & C. Comp., and plaintiffs now urge that the judgment is void for the reason that the liability, upon which the judgment was rendered, is joint, and, one of the joint debtors having died before the filing of the answer, the court has no jurisdiction to enter the judgment; that the court has power to, and should, vacate it at any time; and, if vacated as to one judgment debtor, it must be vacated as to both.

There is a conflict in the authorities as to what is the status of a judgment rendered against joint or joint and several debtors in case one of such debtors dies before the rendition of the judgment. In *Mitchell* v. *Schoonover,* 16 Or. 211 (17 Pac. 867 : 8 Am. St. Rep. 282), a case ripe for judgment, which was rendered the same day and a few hours after the death of one of the joint debtors, this court held that "the decided weight of authority seems to be to the effect that if a court of general jurisdiction, or a court which has acquired full jurisdiction over the cause, and over the parties, renders a judgment for or against a party after the death of such party, the judgment is not for that reason void. It may be erroneous, but until reversed by some appropriate proceeding it is valid." But assuming, without deciding that the judgment as against J. H. Gilde is void, as contended by plaintiffs, the question arises whether it is void as to both plaintiffs, or is only irregular as to J. H. Gilde, Jr. The courts of several states have followed the opinion in *Hall* v. *Williams,* 6 Pick, (Mass.) 232 (17 Am. Dec. 356) upon this question, where it is said that "the judgment being entire if it is a nullity with respect to one, it is also in the whole," viz.: Massachusetts, New Hampshire, Maine, and Maryland. This holding is not based upon the fact that the liability was a joint one, but that, whether joint or joint and several, the judgment is an entirety. This question is considered in an exhaustive note in 91 Am. St. Rep. 362, appended to the case of *Engstrand* v. *Kleffman,* 86 Minn. 403 (90 N. W. 1054), in which the case of *Hall* v. *Williams,* and the decisions following the rule there announced, are severely criticised as unsound. To the same effect is a note in 32 Am. Dec. 604, to the case of *St. John & Witherell* v. *Holmes,* 20 Wend. (N. Y.) 609. In these notes many cases are cited, expressly denying the rule announced in *Hall* v. *Williams.* It is not necessary to review or cite these cases here, but we find that the great weight of authority and

the better reasoning is that the judgment against joint or joint and several debtors, if void as to one, is not necessarily void as to those judgment debtors who were within the jurisdiction of the court. To this effect are *Engstrand* v. *Kleffman,* 86 Minn. 403 (90 N. W. 1054: 91 Am. St. Rep. 359) ; *Lenox* v. *Clarke,* 52 Mo. 115; *North & Scott* v. *Mudge & Co.,* 13 Iowa 496 (81 Am. Dec. 441) ; *Ash* v. *McCabe,* 21 Ohio St. 181; *Mercer* v. *James,* 6 Neb. 406; *Wood* v. *Olney,* 7 Nev. 109; *Council Bluffs Sav. Bank* v. *Griswold,* 50 Neb. 753 (70 N. W. 376.)   Such a judgment, however, is held to be erroneous, and will be reversed on appeal as to all the defendants (*Powers* v. *Irish,* 23 Mich. 429; *Hughes* v. *Lindsey,* 10 Ark. 555), although some of the court hold that even on appeal the judgment will be reversed only as to the party over whom the court did not have jurisdiction (*Ricketson* v. *Richardson,* 26 Cal. 149; *Wood* v. *Olney,* 7 Nev. 109; *Ash* v. *McCabe,* 21 Ohio St. 181.)   And many hold that it may be set aside upon motion on the same ground.

7. But the question, whether the judgment is irregular or erroneous, is not before us.   If we treat the motion to set aside the default as an application to set aside the judgment as irregular, still plaintiffs are not entitled to relief, as the motion comes too late.   The judgment was rendered on October 2, 1907, and this application was not made until June 29, 1908; long after the adjournment of the term.   The court is without jurisdiction to entertain it, except under Section 103, B. & C. Comp., save when the judgment is void.   In *Brand* v. *Baker,* 42 Or. 426, 432 (71 Pac. 320), it is held that a court has inherent power to vacate its judgment or orders at any time during the term at which they were rendered, but after that time it can only do so in pursuance of the provisions of the statute.   Section 103, B. & C. Comp.   To the same effect is *Conant's Estate,* 43 Or. 532 (73 Pac. 1018) ; *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710), and *Ladd* v. *Mason,* 10 Or. 308..

8. Counsel further urges that the answer containing the counterclaim upon which the judgment was rendered was not served upon J. H. Gilde, Jr., and, without service, the court acquired no jurisdiction of him to render the judgment; that the death of J. H. Gilde terminated the authority of Edwin Mays, the attorney for plaintiffs, to further appear for either of plaintiffs, and that the service of the answer upon him was not service upon either of the plaintiffs. If this latter conclusion were true, which we do not concede, yet J. H. Gilde, Jr., was one of the plaintiffs bringing the action and was therefore in court when the answer was filed, and he is charged with notice of it without service, whether it contained a counterclaim or not. Section 81, B. & C. Comp., provides that the answer to the complaint shall be filed with the clerk, by the time required to answer; and Section 73 provides that the answer shall contain a statement of new matter constituting a counterclaim, and the reply must be filed by the 1st day of the next term of court or if filed in term time then within one day after the filing of the answer. If the answer is filed as therein required and is not replied to, then the answer is taken as true. These are statutory provisions, and compliance therewith is all that is required. Counsel urges that the rules of the court require the answer to be served on plaintiff. It may be doubtful whether the court, by rules, can place additional duties upon the defendant than those fixed by statute, as a condition to the right to file his answer. Works, on Courts and Their Jur. 177; 8 Am. & Eng. Enc. Law (2 ed.) 30; 18 Enc. Pl. & Pr. 1239; *Krutz* v. *Griffith,* 68 Ind. 444, 448; *People* v. *McClellan,* 31 Cal. 101; *Rice* v. *Ehele,* 55 N. Y. 518. But as this question was not presented by counsel we will not decide it, as it is sufficient to say, that the rule copied in the brief of counsel does not appear to contemplate the service of copies of pleading other than demurrers.

9. However, this court cannot take notice of the rules of the circuit courts unless they are brought before it in the bill of exceptions. It is not sufficient to include them in the brief of counsel. 19 Enc. Pl. & Pr. 1260; *Kindel* v. *Le Bert,* 23 Colo. 385 (48 Pac. 641: 58 Am. St. Rep. 234) ; *Roby* v. *Title Guarantee Co.,* 166 Ill. 336 (46 N. E. 1110) ; *Sweeney* v. *Stanford,* 60 Cal. 363.

The motion is denied.

AFFIRMED : REHEARING DENIED.