## Henry G. Brown et al. v. Theodore H. Schintz, Trustee, et al.

1.    DECREES—*Recitals in, When Conclusive.*—Where, in a proceeding to foreclose two trust deeds, it is recited in the decree that it is agreed in open court between the solicitors for the different parties that certain sums of money, exclusive of costs and solicitor's fees, are the correct amounts secured by such trust deeds, such recital is conclusive and can not be contradicted in this court by affidavits filed and not brought to the attention of the court below.

**Foreclosure of Trust Deeds.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1900.    Affirmed.    Opinion filed November 26, 1901.

ALBION CATE, attorney for plaintiffs in error.

IVES, MASON & WYMAN, attorneys for defendants in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.
This case is like that of Thomas Brown et al. v. Schintz, trustee, and Huber and Mann, *supra*. This case, like that one, is for a foreclosure of trust deeds made by the appellants to Schintz, to secure building loans agreed to be advanced as the work progressed on the buildings. Except as to the amounts advanced and secured by the trust deeds, and as to some minor matters, the facts are the same in both cases, and the decree is the same. As to the amount secured by the trust deeds, the decree recites :

"It is agreed in open court between Albion Cate, solicitor for the defendants Brown, and Ives, Mason & Wyman, solicitors for said defendants Huber and Mann, that the said sums of $1,319.61, exclusive of solicitor's fees and costs, and $371.13, exclusive of solicitor's fees and costs, are the correct amounts secured by said trust deeds respectively."

This recital is conclusive, and can not be contradicted by the affidavit filed and not brought to the attention of the court below. (See Roby v. Title Guarantee and Trust Co., 166 Ill. 336.)

As is well said by appellant's counsel, " the contentions in this case are identical with those in Thomas Brown et al. v. Theodore H. Schintz, trustee, et al., *ante;* the record is substantially the same, and the same rules of decision will apply in both cases."

And the decree is asked to be reversed for the same reasons urged in the Thomas Brown case.

We see no reason for repeating the opinion, and therefore, for the reasons stated in that case, affirm the decree.